SHAWN J. KOLITCH, OSB No. 063980
E-mail: shawn@krdglaw.com
**KOLITCH ROMANO DASCENZO GATES LLC**
621 SW Morrison Street #1100
Portland, OR 97205
Telephone: (503) 994-1650
Facsimile: (503) 224-7329

*Attorneys for Plaintiff*
*FUTURE MOTION, INC.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| FUTURE MOTION, INC.,<br><br>  Plaintiff,<br><br>  v.<br><br>TONY LAI, an individual doing business as FLOATWHEEL,<br><br>  Defendant. | Case No.<br><br>**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT<br>(35 U.S.C. § 271)**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Future Motion, Inc. ("Future Motion") alleges, based on actual knowledge with respect to Future Motion and Future Motion's acts, and based on information and belief with respect to all other matters, against Defendant TONY LAI, an individual doing business as FLOATWHEEL ("Floatwheel"), as follows:

Page 1 –     COMPLAINT

## NATURE OF THE CASE

This is a civil action for federal patent infringement in violation of the Patent Act, 35 U.S.C. §§ 1, *et seq.*, and specifically in violation of 35 U.S.C. § 271(a)-(b).

More specifically, Future Motion alleges (i) that Defendant is directly infringing Future Motion's U.S. Pat. Nos. 9,598,141, 10,456,658, 11,273,364, and 11,590,409 (collectively the "Asserted Patents") through its manufacture, importation and/or sale to U.S. customers of its Floatwheel self-balancing electric skateboards, currently including the Floatwheel Adv series that comprises at least the Floatwheel Adv and Floatwheel Adv Pro models (collectively the "Accused Products"), and (ii) that Defendant is inducing infringement of the Asserted Patents through its production and publication of publicly available videos that teach U.S consumers how to make and/or use infringing products, including the Accused Products.

## THE PARTIES

1. Plaintiff Future Motion, Inc. ("Plaintiff" or "Future Motion") is a Delaware corporation with a principal place of business located at 1201 Shaffer Road, Santa Cruz, California 95060.

2. Defendant is an individual and, upon information and belief, a resident of Guangxi, China, with an email address of tony@floatwheel.com and an advertised business address of 5th Tech Rd Industry Complex, Building 06 F27 15, Guilin City, GuangXi Province 546008, China.

3. Upon information and belief, the GuangXi Province address Defendant advertises does not correspond to an actual physical location, but rather represents one of Defendant's efforts to avoid the reach of Future Motion's patent enforcement actions.

4. Upon information and belief, Defendant is doing business as "Floatwheel," including operating the e-commerce website www.floatwheel.com and the related YouTube channel https://www.youtube.com/floatwheel.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a), because this case involves a federal question arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*.

6. Defendant, doing business as Floatwheel, is subject to personal jurisdiction by this Court, because Floatwheel advertises and sells its products, including the Accused Products, to customers within this district. This includes documented sales of the Accused Products into Oregon, customer service communications directed to Oregon residents, and replacement parts shipped to Oregon. By committing purposeful acts of injecting its products into the nationwide stream of commerce through the e-commerce website floatwheel.com, including documented sales, customer service communications, and replacement parts directed to customers within this district, Defendant reasonably knew or expected that he could be hailed into court within this district. Accordingly, personal jurisdiction exists, and venue is proper in this Court under 28 U.S.C. §§ 1391(b)(3), (c)(2), and (c)(3).

## FACTUAL ALLEGATIONS

A. **Plaintiff Future Motion**

7. Future Motion develops, manufactures, markets, and sells throughout the United States and around the world the ONEWHEEL® line of self-balancing electronically motorized skateboards, along with related accessories, replacement parts, and merchandise, and operates an online retail store featuring the aforementioned goods at https://onewheel.com. An example of a user riding one of Future Motion's patented ONEWHEEL® products is shown in the photo below:



8. Future Motion has expended considerable time and resources developing and marketing its ONEWHEEL® products, as well as protecting its intellectual property rights relating to the products. Worldwide, Future Motion currently owns at least 75 issued patents covering its products (at least 50 of which are United States patents, including the Asserted Patents) and at least 55 issued trademark registrations.

9. Future Motion owns all right, title and interest in U.S. Pat. No. 9,598,141 ("the '141 Patent"), including the right to sue thereon and the right to recover for infringement thereof. The '141 Patent issued March 21, 2017 and will expire March 7,

2036. A certified copy of the '141 Patent is attached hereto as **Exhibit A**. The '141 Patent gives Future Motion the right to exclude others from making, using, offering for sale, and selling the invention claimed in the patent within the United States and from importing the invention claimed in the patent into the United States.

10. The '141 Patent covers an electric vehicle with a wheel extending above and below a board (i.e., an electric skateboard in the general form of Future Motion's ONEWHEEL vehicles), including an electric hub motor having particular properties. Specifically, the claimed motor includes a one-piece axle having a shaft and a larger-diameter mandrel that is in direct contact with a stator, where the stator is disposed within a rotor, and both the rotor and the stator are disposed within a motor casing. An example of this structure can be seen in the perspective and cross-sectional views of Figs. 3-4 of the '141 Patent, reproduced below, in which axle 38 includes shaft 36 and mandrel 74, which the mandrel is in direct contact with stator 56. The stator is disposed concentrically within rotor 60, and the rotor and stator are both disposed within a motor casing 48. The radial connectors 76 between the shaft 36 and the mandrel 74 are optional, and are not required by the asserted claims of the '141 Patent.



11. Future Motion owns all right, title and interest in U.S. Pat. No. 10,456,658 ("the '658 Patent"), including the right to sue thereon and the right to recover for infringement thereof. The '658 Patent issued October 29, 2019 and will expire March 11, 2039. A copy of the '658 Patent is attached hereto as **Exhibit B**. The '658 Patent gives Future Motion the right to exclude others from making, using, offering for sale, and selling the invention claimed in the patent within the United States and from importing the invention claimed in the patent into the United States.

12. The '658 Patent covers a self-balancing electric vehicle with a tiltable wheeled board, a hub motor that drives the wheel(s), and a pivotable handle that moves between a stowed position adjacent the hub motor (so that it does not interfere with riding the board), and a deployed position in which the handle extends away from the hub motor for convenience in carrying the board. Some claims further recite that the handle is held in the stowed position magnetically, and/or an additional lighted status indicator formed in the top of the board. These features can be seen, for example, in Figs. 8-9 of the '658

Patent, reproduced below, which show handle 60 in the stowed and deployed position, respectively, as well as status indicator 110 formed in the top of the board:



13.     Future Motion owns all right, title and interest in U.S. Pat. No. 11,273,364 ("the '364 Patent"), including the right to sue thereon and the right to recover for infringement thereof. The '364 Patent issued March 15, 2022 and will expire October 20, 2041. A copy of the '364 Patent is attached hereto as **Exhibit C**. The '364 Patent gives Future Motion the right to exclude others from making, using, offering for sale, and selling the invention claimed in the patent within the United States and from importing the invention claimed in the patent into the United States.

14.     The '364 Patent covers a self-balancing electric vehicle with a board which is tiltable about a wheel, and a rider detection sensor of a particular type disposed on one of the footpads of the board. More specifically, the footpad has a concave profile, and the

rider detection sensor includes a membrane switch with a pair of open-ended slots that allow the sensor to bend upward to conform to the concave shape of the footpad. An example of this configuration is shown below in Fig. 13 from the '409 Patent, where open-ended slots 221 are formed in membrane switch 220:



FIG. 13

15. Future Motion owns all right, title and interest in U.S. Pat. No. 11,590,409 ("the '409 Patent"), including the right to sue thereon and the right to recover for infringement thereof. The '409 Patent issued February 28, 2023 and will expire October 20, 2041. A copy of the '409 Patent is attached hereto as **Exhibit D**. The '409 Patent gives Future Motion the right to exclude others from making, using, offering for sale, and selling the invention claimed in the patent within the United States and from importing the invention claimed in the patent into the United States.

16. The '409 Patent is similar to the '364 Patent, except that the '409 Patent covers the vehicle footpad standing alone, rather than the entire vehicle. According to the '409 Patent, the vehicle footpad includes a rider detection sensor including a membrane

switch with a pair of open-ended slots to allow the switch to conform to the concave shape of the footpad, as shown above with respect to the '364 Patent.

**B.     Defendant and its Infringing Activities**

17.     Defendant has a history of infringing Future Motion's patents. Specifically, Future Motion previously obtained a default judgment and permanent injunction against Floatwheel, which was intended to prevent Floatwheel from importing or selling do-it-yourself ("DIY") parts kits that allowed customers build infringing self-balancing electric skateboards. *See* **Exhibit E**, Case No. 21-cv-03022-YGR, Dkt. No. 33 (N.D. Cal. Jan. 27, 2022). This injunction proved to be difficult to enforce due to Floatwheel's efforts to mask its identity and payment channels, but in any event, Floatwheel soon discontinued its DIY kits and started importing and selling more fully assembled infringing products, which are the Accused Products in the present action.

18.     Defendant is currently making, using, offering for sale, selling, and/or importing products marketed as the "Floatwheel adv series," which includes the "Floatwheel Adv" and "Floatwheel Adv Pro" models of self-balancing electric skateboards (the Floatwheel "Accused Products"), each of which infringes all four of the Asserted Patents. A representative image of one of Defendant's infringing products is shown below, and **Exhibit F** contains evidence that Defendant is marketing and selling the Accused Products to customers within the United States, including proof of sales and shipment of the Accused Products to Oregon customers, customer service communications with Oregon customers, and replacement parts shipped to Oregon customers.



19. More specifically, Future Motion alleges that Defendant is infringing at least the following claims of the Asserted Patents through importation and sale of both the Floatwheel Adv and Floatwheel Adv Pro models of the Accused Products:

- Claims 1, 2, 3, 4, 5, 11, 12, 13, 14, 15, and 18 of the '141 Patent.

- Claims 1, 2, 3, 9, 10, 11, 12, 13, 14, 15, 19, 20, and 22 of the '658 Patent.

- Claims 1, 2, 3, 4, 5, 8, 9, 12, 13, and 14 of the '364 Patent.

- Claims 1, 2, 3, 4, 5, 8, 9, 12, 13, and 14 of the '409 Patent.

**Exhibit G** includes claim charts demonstrating that the Floatwheel Adv Pro model directly infringes the independent claims of each of the Asserted Patents.

20. The Floatwheel Adv differs from the Floatwheel Adv Pro only in minor features, such as the battery capacity and the axle block structure, which do not affect infringement of any of the claims of the Asserted Patents. Accordingly, **Exhibit G** also demonstrates that the Floatwheel Adv directly infringes the independent claims of each of the Asserted Patents.

21. In addition to offering the Accused Products for sale to U.S. customers and importing the Accused Products into the United States, Defendant has published and

continues to publish a series of videos on its YouTube channel, which actively induce infringement of the Asserted Patents by teaching purchasers of the Accused Products and others precisely how to manufacture, set up, and/or use the Accused Products in an infringing manner.

22.     Specifically, on at least the publicly available "Floatwheel" YouTube channel https://www.youtube.com/floatwheel, Defendant has published at least 43 videos teaching consumers how to make and/or use the Accused Products, or some version thereof, in an infringing manner. This includes (for example) a video titled in relevant part "DIY onewheel indepth tutorial" and a video titled "floatwheel adv motor installation & delivery setup tutorial," among many others.

23.     **Exhibit H** is a screenshot showing Defendant's YouTube videos as they publicly appear on YouTube (as of November 13, 2023), illustrating from their titles and representative still images that the videos teach consumers to make and/or use the Accused Products or similar infringing products.

24.     **Exhibit I** includes a listing of Defendant's YouTube video titles and online addresses (i.e., URLs). Future Motion alleges that each of the listed videos actively induces infringement of the Asserted Patents by teaching consumers how to make and/or use an infringing product. Defendant's conduct in publishing its YouTube videos in conjunction with sales of its Accused Products therefore constitutes active inducement of infringement under 35 U.S.C. § 271(b).

## CLAIM 1 – INFRINGEMENT OF THE '141 PATENT

25. Defendant has directly infringed the '141 patent by making, using, selling, offering to sell and/or importing the Accused Products.

26. Defendant has actively induced infringement of the '141 patent by publishing videos that teach consumers how to manufacture and use a self-balancing electric skateboard that infringes the '141 patent.

27. Defendant's infringement of the '141 patent has been and continues to be willful.

28. Future Motion has suffered, and will continue to suffer, substantial damages in an amount to be proven at trial, through lost profits, lost sales, and/or lost royalties, due to infringement by Defendant.

29. Future Motion has suffered, and will continue to suffer, permanent and irreparable injury, for which Future Motion has no adequate remedy at law.

30. Future Motion is entitled to relief as provided by 35 U.S.C. §§ 281, 283, 284, and 285.

## CLAIM 2 – INFRINGEMENT OF THE '658 PATENT

31. Defendant has directly infringed the '658 patent by making, using, selling, offering to sell and/or importing the Accused Products.

32. Defendant has actively induced infringement of the '658 patent by publishing videos that teach consumers how to manufacture and use a self-balancing electric skateboard that infringes the '658 patent.

33. Defendant's infringement of the '658 patent has been and continues to be willful.

34. Future Motion has suffered, and will continue to suffer, substantial damages in an amount to be proven at trial, through lost profits, lost sales, and/or lost royalties, due to infringement by Defendant.

35. Future Motion has suffered, and will continue to suffer, permanent and irreparable injury, for which Future Motion has no adequate remedy at law.

36. Future Motion is entitled to relief as provided by 35 U.S.C. §§ 281, 283, 284, and 285.

## CLAIM 3 – INFRINGEMENT OF THE '364 PATENT

37. Defendant has directly infringed the '364 patent by making, using, selling, offering to sell and/or importing the Accused Products.

38. Defendant has actively induced infringement of the '364 patent by publishing videos that teach consumers how to manufacture and use a self-balancing electric skateboard that infringes the '364 patent.

39. Defendant's infringement of the '364 patent has been and continues to be willful.

40. Future Motion has suffered, and will continue to suffer, substantial damages in an amount to be proven at trial, through lost profits, lost sales, and/or lost royalties, due to infringement by Defendant.

41. Future Motion has suffered, and will continue to suffer, permanent and irreparable injury, for which Future Motion has no adequate remedy at law.

42. Future Motion is entitled to relief as provided by 35 U.S.C. §§ 281, 283, 284, and 285.

## CLAIM 4 – INFRINGEMENT OF THE '409 PATENT

43. Defendant has directly infringed the '409 patent by making, using, selling, offering to sell and/or importing the Accused Products.

44. Defendant has actively induced infringement of the '409 patent by publishing videos that teach consumers how to construct a self-balancing electric skateboard that infringes the '409 patent.

45. Defendant's infringement of the '409 patent has been and continues to be willful.

46. Future Motion has suffered, and will continue to suffer, substantial damages in an amount to be proven at trial, through lost profits, lost sales, and/or lost royalties, due to infringement by Defendant.

47. Future Motion has suffered, and will continue to suffer, permanent and irreparable injury, for which Future Motion has no adequate remedy at law.

48. Future Motion is entitled to relief as provided by 35 U.S.C. §§ 281, 283, 284, and 285.

## PRAYER FOR RELIEF

WHEREFORE, Future Motion prays for judgment as follows:

A. That Defendant has infringed, and is infringing, the '141 patent, the '658 patent, the '364 patent, and the '409 patent, in violation of 35 U.S.C. § 271;

B. That infringement by Defendant is willful;

C. That Defendant be preliminarily and permanently enjoined against all acts of patent infringement, including but not limited to making, using, selling, offering to sell, and importing the Accused Products, and publicly posting videos or disseminating any other physical or digital content that teach customers how to make or use the Accused Products or any other infringing product;

D. That Defendant be required to deliver to Future Motion for destruction any and all articles in its possession and/or under its control that infringe any of the Asserted Patents, including but not limited to all existing Accused Products, associated packaging and advertisements;

E. That Defendant be ordered to pay Future Motion the damages that Future Motion has suffered due to patent infringement by Defendant, together with interest thereon;

F. That Defendant be ordered to account for and pay Future Motion the total profits Defendant has received from the sale of products infringing the Asserted Patents;

G. That this case be declared exceptional pursuant to 35 U.S.C. § 285, due to willful infringement by Defendant, and that Future Motion be awarded trebled damages and its reasonable attorneys' fees and costs; and

H. That Future Motion have such other and further relief as the Court and/or a jury deems just and proper.

## JURY DEMAND

Future Motion hereby demands a trial by jury of all issues so triable.

DATED this 27th day of November, 2023.

        Respectfully submitted,

        **KOLITCH ROMANO DASCENZO GATES LLC**

    By s/ Shawn J. Kolitch
        Shawn J. Kolitch, OSB No. 063980
        Email: shawn@krdglaw.com
        621 SW Morrison Street #1100
        Portland, Oregon 97205
        Telephone: (503) 994-1650

        *Attorneys for Plaintiff*
        *Future Motion, Inc*.