SHAWN J. KOLITCH, OSB No. 063980
E-mail: shawn@krdglaw.com
**KOLITCH ROMANO DASCENZO GATES LLC**
621 SW Morrison Street #1100
Portland, OR 97205
Telephone: (503) 994-1650
Facsimile: (503) 224-7329

*Attorneys for Plaintiff*
*FUTURE MOTION, INC.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| FUTURE MOTION, INC.,<br><br>Plaintiff,<br><br>v.<br><br>TONY LAI, an individual doing business as FLOATWHEEL,<br><br>Defendant. | Case No. 3:23-cv-01742-AR<br><br>**[PROPOSED] ORDER ON PLAINTIFF'S SECOND MOTION FOR PRELIMINARY INJUNCTION** |

On June 18, 2024, Plaintiff Future Motion, Inc. ("Future Motion") moved for a second preliminary injunction against Defendant Tony Lai, doing business as Floatwheel ("Floatwheel"), pursuant to Federal Rule of Civil Procedure 65, the Patent Act, 35 U.S.C. § 283, and Civil Local Rule 7. ECF. No. 26. The Court has previously found Defendant in default, based on Defendant's failure to respond to the Complaint or otherwise timely appear in this action. ECF No. 20.

This Court has already granted both a temporary restraining order and a first preliminary injunction against Defendant. ECF Nos. 9, 14. These injunctive orders included (1) an order to Defendant to cease its infringing activities; (2) an order to Defendant's internet service providers to shut down Defendant's e-commerce activities relating to the infringing products; and (3) an order to YouTube to disable Defendant's instructional videos inducing infringement of the infringing products.

Future Motion has alleged that, despite the Court's previous orders, Defendant is continuing to promote, offer for sale, and sell the "Floatwheel Adv" and "Floatwheel Adv Pro" models of self-balancing electric skateboards to U.S. customers, including online through the Russia-based e-commerce platform www.floatwheels.ru, which directly infringe Future Motion's U.S. Pat. Nos. 9,598,141 ("the '141 Patent"), 10,456,658 ("the '658 Patent"), 11,273,364 ("the '364 Patent"), and 11,590,409 ("the '409 Patent") (collectively the "Asserted Patents").

Future Motion further alleges that Defendant is using the internet service provider Cloudflare, Inc. to facilitate Defendant's infringement by providing DNS services for Defendant's e-commerce site www.floatwheels.ru.

Future Motion further alleges that Defendant is continuing to publish videos and disseminate information that facilitates direct infringement of the Asserted Patents, and that induces infringement of the Asserted Patents, through Defendant's YouTube channel at www.youtube.com/floatwheel.

Future Motion further alleges that Defendant is advertising and using the email address tonyfloatwheel@gmail.com for customer service communications regarding sales of the infringing products.

Future motion further alleges that Defendant is using the cryptocurrency service provider Coinbase Global, Inc. to facilitate Defendant's processing and collection of cryptocurrency payments for sales of the infringing products.

Future Motion further alleges that Defendant has willfully copied Future Motion's patented technology, and that Future Motion will continue to be irreparably harmed if the Court does not provide additional injunctive relief to stop Defendant's ongoing infringing activities.

Pursuant to Fed. R. Civ. P. 8(b)(6), and in view of Defendant's failure to respond to Future Motion's Complaint and this Court's entry of default against Defendant, Defendant has now effectively admitted all of Future Motion's factual allegations.

The Court, having already determined that preliminary injunctive relief is appropriate in this case, and being satisfied with Future Motion's representations regarding Defendant's ongoing efforts to evade the reach of the Court's prior injunctive orders, makes the following additional preliminary findings and conclusions:

1. This Court retains jurisdiction over this matter and over the Defendant, and Defendant has been properly served with papers in this action, but has nevertheless failed to appear and accordingly has been found in default.

2. Future Motion has demonstrated that the patents asserted in this action are owned by Future Motion, are valid, and are enforceable, and that Defendant continues to promote, make, offer for sale, sell, and/or import into the United States products that infringe each of the Asserted Patents.

3. Specifically, the Court has already determined that Future Motion is likely to succeed on the merits of its patent infringement claims against Defendant's Floatwheel Adv and Floatwheel Adv Pro products and colorable imitations thereof (the "Accused Products"); that Defendant's promotion and offers for sale of the Accused Products will result in ongoing irreparable injury to Future Motion, that the harm to Future Motion in denying the requested preliminary injunction outweighs the harm to the legitimate interests of Defendant from granting such relief, and that the public interest weighs in favor of granting Future Motion's requested preliminary injunction. Order on Plaintiff's Motion for Preliminary Injunction (ECF No. 14, ¶¶ 3, 5, 9, 10).

4. Defendant appears to have ignored the Court's prior orders, aside from taking affirmative steps to evade the reach and effect of those orders.

5. Specifically, despite the Court's previous orders requiring removal of Defendant's content that induces patent infringement from YouTube, Defendant has added additional videos and information to its YouTube channel at www.youtube.com/floatwheel, further facilitating Defendant's infringement of Future Motion's patents. The Court concludes that the only way to stop Defendant from using its

YouTube channel to facilitate infringement is to order the entire channel to be removed or disabled.

6. Furthermore, despite the Court's previous orders disabling Defendant's e-commerce internet domain, Defendant has shifted its e-commerce activities to a platform based in Russia, www.floatwheels.ru, and has started using the new customer service email address tonyfloatwheel@gmail.com, to facilitate sales of the Accused Products. The Court concludes that it is appropriate to order any and all related internet service providers to disable Defendant's internet services that facilitate infringement, to the extent possible. This includes ordering Defendant's DNS service provider to stop providing DNS services relating to Defendant's e-commerce domain, and ordering Defendant's email service provider to disable Defendant's customer service email address.

7. Furthermore, despite the Court's previous orders that Defendant stop processing payments for sales of the Accused Products, Defendant has continued to accept cryptocurrency payments. The Court concludes that it is appropriate to order cryptocurrency service providers to stop processing and otherwise facilitating payments on Defendant's behalf.

8. Because Defendant was provided with notice and an opportunity to appear or otherwise oppose Plaintiff's Motion for Preliminary Injunction but failed to do so, and because Defendant has evidently flouted or at least willfully ignored the Court's prior orders, the Court hereby orders additional preliminary injunctive relief as follows.

## **PRELIMINARY INJUNCTION**

**IT IS HEREBY ORDERED** that, in accordance with the Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, any internet service provider including but not limited to any DNS service provider, video platform provider, email service provider, or cryptocurrency service provider having notice of the Court's Order must (1) take any and all action necessary to cancel or disable services to Defendant; and (2) provide notice of compliance to Future Motion's counsel within five (5) business days of receipt of notice of this Order. This includes but is not limited to the following specific orders:

1. Cloudflare, Inc. shall promptly upon receipt of a copy of this Order cease providing nameserver (i.e., DNS) services to Defendant relating to Defendant's internet domain www.floatwheels.ru and any other e-commerce site controlled nor or in the future by Defendant that offers for sale the Floatwheel Adv and/or Floatwheel Adv Pro products;

2. Google LLC, doing business as YouTube, shall promptly upon receipt of a copy of this Order remove or disable Defendant's entire "Floatwheel" YouTube channel at www.youtube.com/floatwheel, along with any other YouTube channel Defendant operates now or in the future that publishes videos and/or information about the Floatwheel Adv and/or Floatwheel Adv Pro products;

3. Google LLC shall promptly upon receipt of a copy of this Order disable Defendant's primary email address tonyfloatwheel@gmail.com, along with any other Google-provided email addresses Defendant may use, now or in the future, for customer service and order communications relating to the Floatwheel Adv and/or Floatwheel Adv Pro products; and

4. Coinbase Global, Inc. shall promptly upon receipt of a copy of this Order stop providing cryptocurrency services to Defendant, whether under the name Tony Lai or Floatwheel, which allow Defendant to process and/or collect payments from U.S. customers.

## ADDITIONAL ORDERS

**IT IS HEREBY FURTHER ORDERED** that Future Motion's previously provided bond of $5,000 is sufficient for purposes of this Preliminary Injunction and shall be retained by the Court.

**IT IS HEREBY FURTHER ORDERED** that the Court's previous Preliminary Injunction dated December 29, 2024 shall remain in full force and effect.

**IT IS HEREBY FURTHER ORDERED** that this Order must be served upon Defendant via e-mail to the e-mail address tonyfloatwheel@gmail.com that Defendant advertises for customer service communications.

IT IS SO ORDERED.

DATED this _____ day of _____, 2024.

_____
Michael H. Simon
UNITED STATES DISTRICT JUDGE