SHAWN J. KOLITCH, OSB No. 063980
E-mail: shawn@krdglaw.com
**KOLITCH ROMANO DASCENZO GATES LLC**
621 SW Morrison Street #1100
Portland, OR 97205
Telephone: (503) 994-1650
Facsimile: (503) 224-7329

*Attorneys for Plaintiff*
*FUTURE MOTION, INC.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| FUTURE MOTION, INC., | Case No. 3:23-cv-01742-AR |
| Plaintiff, | |
| v. | **PLAINTIFF'S MOTION FOR CONTEMPT AND SANCTIONS AGAINST NONPARTY GOOGLE LLC, D/B/A YOUTUBE, OR ALTERNATIVELY FOR AN ORDER TO SHOW CAUSE** |
| TONY LAI, an individual doing business as FLOATWHEEL, | |
| Defendant. | |

### LR 7-1 Certification

Plaintiff Future Motion, Inc. ("Future Motion") hereby certifies that counsel for Future Motion sent five letters and several additional electronic messages relating to the subject matter of this motion to Google LLC, d/b/a YouTube ("YouTube"). This includes a letter dated October 2, 2024 to YouTube's registered agent in Oregon via FedEx, informing YouTube that Future Motion would file the present motion in the absence of YouTube's corrective action by October 9, 2024, and inviting a phone conference to discuss the matter. YouTube did not respond to the October 2, 2024 letter, and has not taken any discernable corrective action.

## MOTION

Pursuant to the Court's inherent powers, and based on willful violations of the Court's specific and definite injunctive orders, Future Motion hereby moves the Court for a finding of contempt against nonparty YouTube, and conditional, coercive sanctions of $10,000 per day for each day YouTube fails to comply with the Court's orders following the resolution of this Motion. Alternatively, Future Motion requests that the Court issue an order for YouTube to show cause as to why it should not be held in contempt and be subject to coercive sanctions for violating the Court's orders.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION AND PROCEDURAL HISTORY

Future Motion filed its Complaint in this action on November 27, 2023 alleging direct infringement of four United States patents through Defendant's manufacture, importation and/or sale of its Floatwheel self-balancing electric skateboards, and inducing infringement of the same patents by publishing instructional videos and other infringing material, particularly on YouTube. ECF No. 1. On December 7, 2023, Future Motion filed a motion for leave to serve Defendant by email, which the Court granted. ECF Nos. 6, 7. Future Motion served Defendant with the summons and Complaint in this action via email on December 7, 2023. ECF No. 8-1, ¶5.

### A.     The Court's Orders Directed to YouTube

On December 14, 2023, Future Motion moved the Court for a temporary restraining order and a preliminary injunction, seeking to shut down Defendant's e-commerce website that offered the infringing Floatwheel products at www.floatwheel.com, and to take down Defendant's YouTube videos inducing infringement at www.youtube.com/floatwheel. ECF No. 8. On December 15, 2023, the Court granted a temporary restraining order (the "TRO") and set a

preliminary injunction hearing for December 28, 2023. ECF No. 9. With respect to YouTube, the

TRO states in relevant part:

> Google LLC, doing business as YouTube, must promptly upon receipt of a copy of this Order disable public access to all instructional videos teaching viewers how to make and/or use a product that infringes Future Motion's patents, including but not limited to the following videos currently hosted at the YouTube channel https://www.youtube.com/floatwheel and listed in Exhibit I to Future Motion's Complaint in this action:

ECF No. 9, p. 7. The TRO includes a listing of 43 YouTube videos that were inducing infringement

at the time Future Motion filed its motion for a temporary restraining order, with specific titles and

URLs. *Id*., pp. 7-10.

The Court conducted a preliminary injunction hearing on December 28, 2023 without an

appearance by Defendant,[1] and granted a preliminary injunction on December 29, 2023. ECF Nos.

12-14 (the "First Preliminary Injunction Order"). The First Preliminary Injunction Order states in

relevant part:

> Any video platform provider, including but not limited to Google LLC doing business as YouTube, must promptly upon receipt of a copy of this Order either disable public access to (i) the entire Floatwheel YouTube channel at https://www.youtube.com/floatwheel or (ii) to all individual videos teaching viewers how to make and/or use a product that infringes Future Motion's patents, including but not limited to the following 48 videos currently hosted at the YouTube channel https://www.youtube.com/floatwheel:

ECF No. 14, p. 8. The order lists the 48 videos referenced in the above language, with specific

titles and URLs. *Id*., pp. 9-12. Relative to the language of the TRO, the First Preliminary Injunction

Order requires YouTube either to disable the entire Floatwheel channel or to disable all of

Defendant's infringing videos without limitation. Future Motion requested an order including the

---

[1] Defendant has never appeared in this action, and the Court entered default against Defendant on

April 30, 2024. ECF No. 20.

option for YouTube to disable the entire channel in response to Defendant's publication of at least five additional videos to its YouTube channel after Future Motion filed its motion for a TRO, coupled with the fact that YouTube had failed to take any discernable action in response to receiving notice of the TRO. Declaration of Shawn J. Kolitch in Support of Plaintiff's Motion for Contempt and Sanctions Against Nonparty Google LLC, d/b/a YouTube ("Kolitch Decl."), ¶ 2.

Defendant subsequently took various steps to circumvent the First Preliminary Injunction Order, such as moving its e-commerce operations to a Russia-based website at www.floatwheels.ru, switching from Shopify to a different electronic shopping software platform, and adopting a series of different customer service email addresses. Defendant also continued to post new videos and additional infringing content on its YouTube channel, and introduced new infringing products. ECF Nos. 26-1–26-6. In an attempt to counteract these measures, Future Motion moved the Court for a second preliminary injunction, which the Court granted on June 20, 2024. ECF No. 27 (the "Second Preliminary Injunction Order"). The Second Preliminary Injunction Order states in relevant part:

> Google LLC, doing business as YouTube, shall promptly upon receipt of a copy of this Order remove or disable Defendant's entire "Floatwheel" YouTube channel at www.youtube.com/floatwheel, along with any other YouTube channel Defendant operates now or in the future that publishes videos and/or information about the Floatwheel Adv and/or Floatwheel Adv Pro products

ECF No. 27, p. 6. Relative to the First Preliminary Injunction Order, the Second Preliminary Injunction Order removed YouTube's option of simply disabling access to specific Floatwheel videos (which were therefore not enumerated in the order), and instead requires YouTube to "remove or disable Defendant's entire 'Floatwheel' YouTube channel." As Future Motion explained in its motion for a second preliminary injunction, this is because Floatwheel continued to publish additional videos inducing infringement to its YouTube channel, and also because Defendant was using its YouTube channel to provide communications and information to

customers about how to obtain, assemble, and operate the infringing Floatwheel products. ECF No. 26, p. 3.

### B.    Future Motion's Notices to YouTube

Immediately after the Court issued the TRO, Future Motion sent a notice letter to YouTube requesting that it take appropriate action as the Court had ordered. Over the next nine months, Future Motion sent four additional notice letters to YouTube with copies of the Court's various injunctive orders and requests for YouTube to comply with the orders. Future Motion also sent several related electronic communications through the YouTube legal support portal.

Specifically, Future Motion sent a notice message with a copy of the TRO through YouTube's electronic legal support portal on December 17, 2023; sent a notice letter with a copy of the TRO to YouTube at its corporate headquarters via FedEx on December 18, 2023; sent both an electronic notice through YouTube's electronic legal support portal and a notice letter with a copy of the First Preliminary Injunction Order to YouTube's registered agent via FedEx on January 2, 2024; and sent three separate notice letters with copies of the Second Preliminary Injunction Order to YouTube's registered agent via FedEx on June 20, 2024, July 30, 2024, and October 2, 2024. Each time, Future Motion pointed out how the respective order pertains to YouTube, and requested that YouTube comply with the order. Kolitch Decl., ¶ 3, Ex. A.

### C.    YouTube's Inadequate Actions and Responses

YouTube has never responded to any of Future Motion's five letters. In its responses to Future Motion's electronic notices, YouTube has alternated between claiming compliance with the Court's orders and refusing to take more effective action. For example, in messages from the YouTube Legal Support Team regarding the TRO, YouTube stated that it had "restricted the content in question" and that the content was "blocked from view on the country domain." *Id.*, pp.

6-8. As discussed below, however, these actions were limited to a subset of the enjoined Floatwheel content on YouTube, and do not effectively prevent access to the content by U.S. consumers even for that limited content. In response to Future Motion's follow-up messages asking YouTube to take further steps to comply with the Court's orders, YouTube has refused to do so, stating, for example, that the Court's orders are "too vague, temporally limited, and/or do[] not specifically apply to content that is hosted on YouTube.com," and that YouTube "may be prepared to comply with any permanent order that requires the content creator to remove **specific YouTube URLs**." *Id.*, pp. 10-11. (emphasis in original).

Accordingly, despite the unambiguous language of the Court's injunctive orders, YouTube has never effectively blocked access to any of Floatwheel's enjoined content, and has refused to remove or disable the entire Floatwheel YouTube channel as the Second Preliminary Injunction Order explicitly requires. Rather, YouTube has made only token and ineffective efforts to block access to the Floatwheel channel from U.S.-based Internet Protocol ("IP") addresses. As a result, U.S. consumers using a virtual private network ("VPN"), which can be accomplished using a myriad of free or inexpensive options, can still easily access the entire Floatwheel YouTube channel. This includes the 43 videos listed and enjoined in the TRO, the later published five videos listed and enjoined in the First Preliminary Injunction Order, approximately 15 additional Floatwheel videos that induce infringement of Future Motion's asserted patents, and the entire Floatwheel YouTube "Community" page that includes information about Floatwheel and its products, all of which facilitates Defendant's continuing acts of patent infringement. Kolitch Decl., ¶ 4, Ex. B.

Even more egregiously, YouTube has not even disabled access to Defendant's recently published videos from U.S.-based IP addresses, but rather has only blocked access to the

Floatwheel channel landing page (and again, only to U.S. IP addresses). This allows any person, from any location (i.e., even without using a VPN) to navigate directly to Defendant's recently published YouTube videos. Kolitch Decl., ¶ 5, Ex. C. For example, the links below demonstrate that any person, from any IP address, can navigate to the following videos on the Floatwheel YouTube channel, which induce infringement of Future Motions patents:

- https://www.youtube.com/watch?v=jeVTHSqb008

- https://www.youtube.com/watch?v=f1nC6JayXS8

Accordingly, as set forth in more detail below, YouTube has willfully violated, and continues to violate, at least this Court's Second Preliminary Injunction Order (ECF No. 27), justifying a finding of contempt and sanctions.

## II.    APPLICABLE LAW

A district court has the inherent authority to enforce compliance with its orders through a civil contempt proceeding. *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827–28 (1994). A court may hold in contempt "any person who willfully disobeys a specific and definite order requiring him to do or to refrain from doing an act." *Shuffler v. Heritage Bank*, 720 F.2d 1141, 1146 (9th Cir. 1983) (citations omitted). Civil contempt proceedings serve two purposes: (1) coercing compliance with a court order, and (2) compensating the complainant for losses sustained.[2] *Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 517 (9th Cir. 1992); *see also Ahearn ex. rel. N.L.R.B. v. International Longshore & Warehouse Union, Locals 21 & 4*, 721 F.3d 1122, 1128 (9th Cir. 2013) (citing *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949)).

---

[2] In the present motion, Future Motion seeks only to coerce YouTube's compliance with the Court's orders.

The determination of contempt sanctions "is within the sole discretion of the court." *Webb v. Trailer City, Inc.*, 3:11-cv-00747-BR at 8 (D. Or. May 15, 2017) (citing *Britton v. Co-op Banking Group*, 916 F.2d 1405, 1409 n.4 (9th Cir. 1990)).

To avoid contempt, a person must take "all the reasonable steps within [his or her] power to insure compliance with" the district court's order. *Stone v. City & Cnty. of San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992), as amended on denial of reh'g (Aug. 25, 1992) (citation omitted). The party moving for contempt has the burden to show by clear and convincing evidence that the nonmoving party has failed to comply with a specific and definite court order. *F.T.C. v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999) (citing *Stone*, 968 F.2d at 856 n.9). The burden then shifts to the nonmoving party to demonstrate a sufficient reason for noncompliance with the court order. *Id*.

With respect to holding nonparties in contempt, Federal Rule of Civil Procedure 71 provides that "[w]hen an order . . . may be enforced against a nonparty, the procedure for enforcing the order is the same as for a party." Accordingly, "when an injunction is addressed to a non-party and he is given notice of the injunction, Rule 71 permits a district court to use the same processes for enforcing obedience to the order as if he were a party, such as holding him in contempt for violating it." *Irwin v. Mascott*, 370 F.3d 924, 931 (9th Cir. 2004) (internal quotation marks and citation omitted). This can include monetary sanctions. *See generally id*. (affirming contempt sanctions of $10,000, costs, and attorney fees).

## III.    A FINDING OF CONTEMPT AGAINST YOUTUBE IS WARRANTED

To coerce compliance or to compensate the complainant, the Court may hold a person in contempt if he has "willfully disobey[ed] a specific and definite order requiring him to do or to refrain from doing an act." *Shuffler v. Heritage Bank*, 720 F.2d 1141, 1146 (9th Cir. 1983)

(citations omitted). The Court's orders to YouTube have been specific and definite. In particular, the Second Preliminary Injunction Order, issued June 20, 2024, requires YouTube to "remove or disable Defendant's entire 'Floatwheel' YouTube channel at www.youtube.com/floatwheel." ECF No. 27, p. 6. There is nothing non-specific or indefinite about this language.

Specifically, the relevant injunctive language does not permit YouTube merely to disable access to portions of the Floatwheel YouTube channel from U.S.-based IP addresses, an action so woefully inadequate that any U.S. consumer can defeat it within a few seconds using a VPN. Kolitch Decl., ¶ 4, Ex. B. In addition, as demonstrated above, a VPN isn't even necessary for U.S. consumers to view Defendant's more recently published YouTube videos—any person from any IP address can simply navigate directly to one of those enjoined videos. *Id.*, ¶ 5, Ex. C. Because Future Motion sent YouTube five separate notice letters and several additional electronic messages explaining the inadequacy of YouTube's actions and asking for better compliance with the Court's orders, and YouTube has refused to do so, YouTube's failure to comply with the orders has clearly been willful. *Id.*, ¶ 3, Ex. A.

## III.    SANCTIONS ARE APPROPRIATE

Civil contempt proceedings can serve two purposes: (1) coercing compliance with a court order, and (2) compensating the complainant for losses sustained. *Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 517 (9th Cir. 1992). Sanctions designed to coerce are by nature "conditional sanctions; they operate if and when the person found in contempt violates the order in the future." *Id.* (citation omitted). Factors a court should consider when determining the amount and duration of a coercive fine include "the character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanction in bringing about the result desired." *United States v. United Mine Workers of America*, 330 U.S. 258, 304, (1947); *Shuffler v. Heritage Bank*, 720 F.2d 1141, 1148 (9th Cir.1983).

In the present case, YouTube's willful disregard for the Court's orders, despite receiving five separate notice letters and several additional electronic communications with copies of the orders from Future Motion, suggests that sanctions are necessary to coerce YouTube's compliance. Furthermore, the character and magnitude of the harm to Future Motion resulting from YouTube's failure to act is significant, because Defendant uses YouTube as its primary method for providing information and instructions to consumers about its infringing products and their methods of assembly and use. Accordingly, Future Motion requests a conditional sanction of $10,000 per day for each day YouTube fails to remove or disable the Floatwheel YouTube channel completely, starting from the date of the Court's resolution of this Motion.

## IV.    CONCLUSION

For the foregoing reasons, Future Motion respectfully moves the Court as follows:

(i)    that YouTube be held in contempt for willful failure to comply with this Court's specific and definite injunctive orders; and

(ii)    that the Court levy a conditional sanction of $10,000 per day against YouTube for each day following the resolution of this motion that YouTube fails to remove or disable the Floatwheel YouTube channel completely as the Court has ordered.

Alternatively, Future Motion requests that the Court issue an order requiring YouTube to show cause as to why it should not be held in contempt and be subject to coercive sanctions for failing to comply with the Court's orders.

//

//

//

//

DATED: October 17, 2024         Respectfully submitted,

                By:  /s/ Shawn J. Kolitch
                    Shawn J. Kolitch
                    **KOLITCH ROMANO DASCENZO GATES LLC**
                    621 SW Morrison #1100
                    Portland, Oregon 97205
                    Tel.: 503-994-1650
                    Fax: 503-224-7329
                    shawn@krdglaw.com
                    *Counsel for Plaintiff Future Motion, Inc.*