IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **FUTURE MOTION, INC.**, | Case No. 3:23-cv-1742-AR |
| Plaintiff, | **ORDER** |
| v. | |
| **TONY LAI**, doing business as **FLOATWHEEL**, | |
| Defendant. | |

**Michael H. Simon, District Judge.**

Plaintiff Future Motion, Inc., moves for imposition of sanctions and a finding of contempt against nonparty Google LLC, doing business as YouTube ("Google") (ECF 33). Plaintiff asserts that despite receiving a series of email notices from Plaintiff, Google failed to remove 48 of Defendant's videos from its platform or alternatively disable Defendant's channel, as ordered by the Court in Orders granting a temporary restraining order ("TRO") (ECF 9), and two preliminary injunctions (ECF 14, 27). As noted, Google is not a party in this case but has intervened for the limited purpose of opposing Plaintiff's motion for sanctions (ECF 50). Google also moved for leave to file a sur-reply (ECF 60), which Plaintiff opposes (ECF 61). The Court grants Google's motion and considers the arguments in its proposed sur-reply in ruling on

PAGE 1 – ORDER

Plaintiff's motion. For the reasons stated below, the Court denies Plaintiff's motion for sanctions and a finding of contempt against Google.

## STANDARDS

Rule 65(d)(2) of the Federal Rules of Civil Procedure governs the scope of persons who may be bound by a court order such as a preliminary injunction:

> *Persons Bound*. The order binds only the following who receive actual notice of it by personal service or otherwise:
>
> (A) the parties;
>
> (B) the parties' officers, agents, servants, employees, and attorneys; and
>
> (C) other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B).

Fed. R. Civ. P. 65(d)(2). Courts typically interpret "active concert or participation" to mean "aiding and abetting." *See N.L.R.B. v. Sequoia Dist. Council of Carpenters, AFL-CIO*, 568 F.2d 628, 633 (9th Cir. 1977).

In 2023, the Supreme Court adopted the D.C. Circuit's three-step framework to determine civil aiding-and-abetting liability: (1) "the party whom the defendant aids must perform a wrongful act that causes an injury"; (2) "the defendant must be generally aware of his role as part of an overall illegal or tortious activity at the time that he provides the assistance"; and (3) "the defendant must knowingly and substantially assist the principal violation." *See Twitter, Inc., v. Taamneh*, 598 U.S. 471, 486 (2023) (quoting *Halberstam v. Welch*, 705 F.2d 472, 477 (D.C. Cir. 1983)).[1] The Supreme Court emphasized that persons should be held liable

---

[1] Although *Twitter* concerned Twitter's liability under the Justice Against Sponsors of Terrorism Act, 18 U.S.C. § 2333(d)(2), for allegedly allowing ISIS and its supporters to advertise and fundraise on Twitter's platform, the Supreme Court derived its aiding-and-abetting framework from general common law principles. This framework has since been employed outside of the § 2333(d)(2) context, including in Rule 65(d)(2)(C) cases. *See, e.g.*, *Havens v.*

PAGE 2 – ORDER

for aiding and abetting only "when they consciously and culpably 'participate[d] in' a tortious act in such a way as to help 'make it succeed.'" *Id.* at 497 (alteration in *Twitter*) (quoting *Nye & Nissen v. United States*, 336 U.S. 613, 619 (1949)). A party seeking contempt sanctions must prove aiding and abetting by "clear and convincing evidence." *Inst. of Cetacean Rsch. v. Sea Shepherd Conservation Soc'y*, 774 F.3d 935, 945 (9th Cir. 2014) (quoting *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993)).

## BACKGROUND

Plaintiff develops, manufactures, markets, and sells a line of self-balancing electric skateboards and related items. In November 2023, Plaintiff brought this lawsuit against Defendant Tony Lai, doing business as Floatwheel. Plaintiff alleges that Defendant is infringing four of Plaintiff's patents on its skateboard technology by manufacturing, importing, and selling Floatwheel self-balancing electric skateboards to American customers. *See* ECF 1.

On December 15, 2023, the Court issued an *ex parte* TRO (ECF 9). On December 29, 2023, after a hearing with notice at which Defendant failed to appear, the Court issued a preliminary injunction (ECF 14). Both Orders directed Defendant to cease its infringing activities. In addition to enjoining Defendant's infringing conduct, the December 29th preliminary injunction contained the following instructions to certain third parties:

> **IT IS HEREBY FURTHER ORDERED** that, in accordance with the Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, any internet service provider including but not limited to any web hosting company, domain name registry, domain name registrar, e-commerce service provider, and/or video platform provider having notice of the Court's Order must (1) take any and all action necessary to remove the infringing content from websites having

---

*James*, 76 F.4th 103, 115 n.13 (2d Cir. 2023) (citing the *Twitter* standard when analyzing "active concert or participation" under Rule 65(d)); *cPanel, LLC v. Asli*, 719 F. Supp. 3d 1133, 1155-56 (D. Or. 2024) (same).

PAGE 3 – ORDER

>    content controlled by Defendant, or alternatively to disable access to the website; and (2) provide notice of compliance to Future Motion's counsel within five (5) business days of receipt of notice of this Order. This includes but is not limited to the following specific examples:
>
>    . . .
>
>    4. Any Registrar of record of an internet domain hosting a website that advertises or sells the Floatwheel Adv and/or the Floatwheel Adv Pro products, or any colorable imitation thereof, including but not limited to GoDaddy.com, LLC, must promptly upon receipt of a copy of this Order disable public access to the domain until further notice;
>
>    . . .
>
>    6. Any video platform provider, including but not limited to Google LLC doing business as YouTube, must promptly upon receipt of a copy of this Order either disable public access to (i) the entire Floatwheel YouTube channel at https://www.youtube.com/floatwheel or (ii) to all individual videos teaching viewers how to make and/or use a product that infringes Future Motion's patents, including but not limited to . . . 48 videos [listed below with titles and URLs] currently hosted at the YouTube channel https://www.youtube.com/floatwheel.
>
>    . . .
>
>    8. Pursuant to this Court's inherent powers, any person or entity failing to comply promptly with this Order, including but not limited to any domain name Registrar, e-commerce service provider, video platform service provider (including Google LLC doing business as YouTube), freight forwarding service provider, or logistics company (including but not limited to those enumerated above) shall be subject to sanctions for civil and/or criminal contempt

ECF 14 at 7-8, 13-14.

In April 2024, United States Magistrate Judge Jeff Armistead issued an Order of default against Defendant (ECF 20). In June 2024, the Court granted Plaintiff a second preliminary injunction (ECF 27). In that injunction, the Court noted that "despite the Court's previous orders

requiring removal of Defendant's content that induces patent infringement from YouTube, Defendant has added additional videos and information to its YouTube channel at www.youtube.com/floatwheel, further facilitating Defendant's infringement of Future Motion's patents." ECF 27 at 4. The Court concluded, "the only way to stop Defendant from using its YouTube channel to facilitate infringement is to order the entire channel to be *removed or disabled*." *Id.* (emphasis added). Accordingly, it ordered that:

> Google LLC, doing business as YouTube, shall promptly upon receipt of a copy of this Order remove or disable Defendant's entire "Floatwheel" YouTube channel at www.youtube.com/floatwheel, along with any other YouTube channel Defendant operates now or in the future that publishes videos and/or information about the Floatwheel Adv and/or Floatwheel Adv Pro products;

*Id.* at 6. This Order further provided that the first injunction would remain in full force and effect. *Id.* at 7.

Plaintiff's counsel states that between December 17, 2023 and October 2, 2024, he sent nonparty Google a series of notices about the Court's Orders.[2] Koltich Decl., ECF 33-1 ¶ 3. He adds that he also served Google's registered agent in Oregon with Plaintiff's Motion for Contempt and Sanctions and the Court's Order requesting supplemental briefing. Koltich Decl., ECF 37-1 ¶¶ 2-3. Plaintiff's counsel further asserts that he met with Google's Oregon counsel on November 4, 2024, and that Google's counsel acknowledged both the posture of the case and the November 6th deadline for supplemental briefing. *Id.* ¶ 4. Finally, Plaintiff's counsel notes that

---

[2] In a declaration, Plaintiff's counsel states that he: (1) sent a notice message with a copy of the TRO through Google's electronic legal support portal; (2) sent a notice letter with a copy of the TRO by FedEx to Google's corporate headquarters; (3) sent a notice letter and a copy of the first injunction both through Google's electronic legal support portal and by FedEx to Google's registered agent; and (4) sent three separate notice letters with copies of the second injunction to Google's registered agent. *See* Koltich Decl., ECF 33-1 ¶ 3.

he has also sent Google's legal support team a copy of the permanent injunction issued in a sister case from the United States District Court for the Northern District of California ("Northern District of California"), Case No. 21-cv-03022-YGR, which required Floatwheel to remove its videos from YouTube. *Id.* ¶¶ 5-6.

In response to the Orders, Google "blocked 48 videos from view by identifiable U.S.-based users." Small Decl., ECF 52 ¶ 7. The 48 videos identified in the TRO and the first Order of preliminary injunction, however, were still available to users that Google's systems identified as outside the United States, including users who implement VPN technology to "mask" their true location. When the second injunction required Google to "remove or disable Defendant's entire 'Floatwheel' YouTube channel," Google blocked Defendant's channel's landing page from U.S.-based users. *Id.* ¶ 9. Again, however, Google did not take down the channel for all users.

Now before the Court is Plaintiff's Motion for Imposition of Sanctions and Contempt Against Nonparty Google LLC, d/b/a YouTube, or Alternatively for an Order to Show Cause (ECF 33). Plaintiff seeks a finding of contempt against Google for failing to disable the channel for all users worldwide and an order of monetary sanctions in the form of a conditional, coercive sanction of $10,000 for each day that Google fails to comply with the requested sanctions order. In the alternative, Plaintiff asks the Court to order Google to show cause as to why it should not be held in contempt and be subject to coercive sanctions in this litigation.

## DISCUSSION

Plaintiff argues that Google is "in active concert or participation" with Defendant by continuing to host his videos. Google responds that: (1) it has not "consciously, voluntarily, and culpably" participated in or supported Defendant's conduct and thus is not in active concert with Defendant; (2) it substantially complied with the Orders and therefore may not be held in contempt; and (3) Plaintiff engaged in inequitable conduct, which weighs against a finding of

contempt, because Plaintiff filed this case after receiving what it considered an unfavorable ruling in its case in the Northern District of California. In Plaintiff's reply, Plaintiff further argues that Google has waived its right to challenge the validity or scope of the Court's Orders because Google received timely notice of the Orders and chose not to challenge them earlier. The Court first addresses waiver, then turns to the merits of Plaintiff's aiding and abetting argument.

### A. Waiver of the Right to Challenge an Injunction

Plaintiff cites *Irwin v. Mascott*, 370 F.3d 924, 931 (9th Cir. 2004), in which the Ninth Circuit held that a non-party who received notice of an injunction and did not appeal it "may not challenge the merits of the underlying injunction in a contempt proceeding, subject only to the exceptions noted in *Walker* [*v. City of Birmingham*, 388 U.S. 307 (1967)]."

The Ninth Circuit, however, specifically noted in *Irwin* that the merits of an injunction could be challenged under one or more of the *Walker* exceptions. These exceptions include "orders resting upon a defective jurisdictional base." *In re Establishment Inspection of Hern Iron Works, Inc.*, 881 F.2d 722, 726 (9th Cir. 1989). Google currently challenges the Court's jurisdiction to issue the injunctions as to Google, and therefore a *Walker* exception applies. Accordingly, Google has not waived its right to challenge the TRO and related injunctions under Rule 65(d)(2)(C).

### B. Active Concert or Participation

Google argues that the Court never had jurisdiction over Google to issue an injunction encompassing any conduct of Google. The issue here is whether Google was in active concert or participation with, or aided and abetted, Defendant's infringing conduct.

As discussed, the framework for determining aiding-and-abetting liability proceeds in three steps. Assuming without deciding that Plaintiff can show the first two steps, the Court finds that Google has not knowingly and *substantially* assisted any wrongful act by Defendant.

PAGE 7 – ORDER

The Court finds the Seventh Circuit's decision in *Blockowicz v. Williams*, 630 F.3d 563 (7th Cir. 2010), persuasive.[3] In *Blockowicz*, the plaintiffs sued the defendants for defamatory posts on websites, and the district court issued a permanent injunction that required the defendants to remove the defamatory statements. *Id.* at 565. The plaintiffs then filed a "Motion for Third Party Enforcement of Injunction,"[4] alleging that the website host, Xcentric, and the website manager, Magedson, were in active concert with the defendants and thus the injunction should be enforced against the third parties under Rule 65(d)(2)(C). *Id.* at 565-66. Xcentric and Magedson conceded that they received notice of the injunction but argued that they did not aid or abet the defendants. *Id.* at 567.

The Seventh Circuit agreed with Xcentric and Magedson, explaining:

> [T]he Blockowiczs presented no evidence that Xcentric or Magedson took any action to aid or abet the defendants in violating the injunction after it was issued, either by enforcing the Terms of Service or in any other way. The district court explained that the Blockowiczs failed to present any evidence that either Xcentric or Magedson had any contact with the defendants after the injunction was issued, or that they worked in concert with the defendants to violate the injunction. To the contrary, the record indicates that Xcentric and Magedson have simply done nothing relevant to this dispute since the defendants agreed to the Terms of Service, which occurred before the injunction was issued. *Further, the fact that Xcentric is technologically capable of removing the postings does not render its failure to do so aiding and abetting. Xcentric's and Magedson's mere inactivity is simply inadequate to render them aiders and abettors in violating the injunction.*

*Id.* at 568 (emphasis added).

---

[3] Although *Blockowicz* was decided before *Twitter*, the standard for aiding and abetting applied in *Blockowicz* is similar.

[4] The Seventh Circuit noted: "Whether we consider this a suit for contempt or simply a motion to enforce an injunction against third parties . . . our analysis under Rule 65(d)(2)(C) is the same." *Blockowicz*, 630 F.3d at 567.

Similarly, in *Clark Equipment Co. v. Walls*, a district court held that Google and Yelp were not acting in concert with the defendants merely by hosting websites. 2023 WL 6066521, at *3-4 (W.D. Wash. Sept. 18, 2023). The court explained that the injunction "encompasses third parties with whom Defendants contracted to host or register" the infringing website, but "that third parties whose role is more passive with respect to infringing content online cannot reasonably be construed as 'in active concert or participation' with Defendants under Rule 65(d)(2)(C)." *Id.* at *4.[5]

Google's acts are analogous to the third parties' conduct in *Blockowicz* and *Clark Equipment*. Google merely hosted Defendant's channel as it would any other of its channels. It did not contract with Defendant, nor has Plaintiff presented any evidence that Google "had any contact with [Defendant] after the injunction was issued." *Blockowicz*, 630 F.3d at 568. Moreover, just because Google was "technologically capable of removing [Defendant's videos] does not render its failure to do so aiding and abetting." *Id*. The Court finds that Google's *passive* involvement of hosting does not support—especially not by clear and convincing evidence—that it *consciously* and culpably participated in Defendant's infringing conduct.

---

[5] The Court acknowledges that some district courts, including this district in *cPanel*, have contemplated the possibility that actions like YouTube's may be considered to be aiding and abetting. *See, e.g.*, *cPanel*, 719 F. Supp. 3d at 1155-56 ("After receiving notice of this opinion and the terms of this Court's injunction, a non-party that continues to provide services to Defendants here *could possibly* qualify as an 'aider or abettor' under Rule 65(d)(2)(C)." (emphasis added)); *Arista Records, LLC v. Tkach*, 122 F. Supp. 3d 32, 37 (S.D.N.Y. 2015) (holding that a third-party that hosted infringing websites and "merely provid[ed] the same service to Defendants that it would provide to anyone else" was subject to an injunction). The Court finds more persuasive, however, the decisions in *Blockowicz* and *Clark Equipment*, especially under the *Twitter* standard requiring *conscious* and culpable participation.

PAGE 9 – ORDER

Because the Court finds that Google is not aiding and abetting Defendant and thus is not subject to the TRO and preliminary injunctions, the Court need not reach the parties' other arguments regarding substantial compliance and equitable considerations.

## CONCLUSION

The Court GRANTS Google's Motion for Leave to File Sur-Reply to Plaintiff's Reply in Support of Plaintiff's Motion for Contempt and Sanctions Against Non-Party Google (ECF 60). The Court DENIES Plaintiff's Motion for Imposition of Sanctions and Contempt Against Nonparty Google LLC, d/b/a YouTube, or Alternatively for an Order to Show Cause (ECF 33).

**IT IS SO ORDERED**.

DATED this 7th day of January, 2025.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge