Julia E. Markley, Bar No. 000791
JMarkley@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Telephone: +1.503.727.2000
Facsimile: +1.503.727.2222

Ryan M. Spear, *pro hac vice*
RSpear@perkinscoie.com
Margot Loken, *pro hac vice*
MLoken@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: +1.206.359.8000
Facsimile: +1.206.359.9000

*Attorneys for Intervenor Google LLC*

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| FUTURE MOTION, INC.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TONY LAI, an individual doing business as FLOATWHEEL,<br><br>　　　　　Defendant. | Case No. 3:23-cv-01742-AR<br><br>**GOOGLE'S SUR-REPLY IN RESPONSE TO PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR CONTEMPT AND SANCTIONS AGAINST NONPARTY GOOGLE LLC**<br><br>**REQUEST FOR ORAL ARGUMENT** |

GOOGLE'S SUR-REPLY

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

## TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................................ 1

II. ARGUMENT ...................................................................................................................... 2

    A. Future Motion concedes that Google cannot be held in contempt for failing to independently identify and disable content that has never been identified to Google and that is described in vague and ambiguous terms ............ 2

    B. Google has reasonably interpreted the Orders to require Google to block access to enumerated content by U.S.-based users, and Future Motion's citation of a Reddit post does not change the analysis .......................................... 4

    C. Google has substantially complied with the Court's Orders, and Future Motion's new "evidence" that the enjoined content is "widely disseminated" among U.S.-based users does not move the needle ....................... 6

    D. The fact that Google can detect use of a VPN in some cases is irrelevant to the substantial-compliance analysis ....................................................................... 7

III. CONCLUSION ................................................................................................................... 8

1- TABLE OF CONTENTS

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

I.      **INTRODUCTION**

Google's response brief explained that Google is not bound by the Court's Orders because it was not a party and is not in "active concert or participation" with Mr. Lai under Federal Rule of Civil Procedure 65(d)(2)(C). *See* ECF 51 ("Response") at 10-16. Future Motion now admits there is no evidence—let alone clear and convincing evidence—that Google (a) played any role in Mr. Lai's independent decisions to publish infringing content; (b) supported or encouraged Mr. Lai in his commission of those acts "so as to help make [them] succeed," *Twitter, Inc. v. Taamneh*, 598 U.S. 471, 493 (2023) (cleaned up); or (c) even communicated with Mr. Lai about those acts. Indeed, Future Motion concedes that the "relationship between [Google] and [Mr. Lai's] acts of patent infringement" is "attenuated." ECF 59 ("Reply") at 3 n.2. Future Motion also ignores the cases Google cited showing that mere passive provision of online services does not amount to aiding and abetting, as Future Motion wrongly claims. And even with a third bite at the apple, Future Motion does not cite a single case in which a court has held that a nonparty like Google is aiding and abetting a user's wrongful conduct under facts even remotely like the facts of this case. The Court could and should decline to hold Google in contempt for those reasons alone.

Google's response brief also explained that Google cannot be held in contempt even if it is bound by the Orders because Google substantially complied with them. *See* Resp. at 18-22. Future Motion does not dispute that Google cannot be held in contempt if Google substantially complied. Instead, Future Motion misconstrues Google's arguments and argues, for the first time, that the Orders clearly command Google to "remov[e] [Mr. Lai's] enjoined content from YouTube" permanently, completely, and globally. Reply at 1. But the Orders do not say that.

1-    GOOGLE'S MOTION FOR LEAVE TO FILE SUR-
REPLY TO PLAINTIFF'S REPLY IN SUPPORT OF
PLAINTIFF'S MOTION FOR CONTEMPT AND
SANCTIONS AGAINST NONPARTY GOOGLE LLC

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

And it was reasonable for Google to construe the plain language of the Court's directives to remove or disable the content as applying to users in the United States because the Orders (like Future Motion's claims against Mr. Lai) focus on preventing marketing and sales to customers in the United States. Future Motion's purported evidence of cross-border communications is unreliable and irrelevant and should be disregarded.

Future Motion also cites new evidence regarding online discussions about Mr. Lai's YouTube content and new evidence of Google's purported ability to detect VPN usage. *See* Reply at 11-13. The Court should disregard that new evidence because it was submitted for the first time in Future Motion's Reply. Even if the Court considers that evidence, however, it should not alter the outcome. At best, Future Motion's new evidence simply reinforces what Google has said all along: Google made reasonable efforts to block access to Mr. Lai's content, subject to technical limitations inherent in Google's systems and the internet itself. That is all substantial compliance requires.

## II.   ARGUMENT

### A.   Future Motion concedes that Google cannot be held in contempt for failing to independently identify and disable content that has never been identified to Google and that is described in vague and ambiguous terms

For context, the Court's Orders require Google to "disable public access" to 48 videos identified by unique URLs and "disable public access" to the landing page of Mr. Lai's YouTube channel "at https://www.youtube.com/floatwheel." ECF 9 at 7; ECF 14 at 8-12. Google did that.

The Court's Orders also direct Google to disable access to any videos that "teach[ ] viewers how to make and/or use a product that infringes Future Motion's patents," ECF 9 at 7; ECF 14 at 8, and "any other YouTube channel [Mr. Lai] operates now or in the future that

2- GOOGLE'S MOTION FOR LEAVE TO FILE SUR-REPLY TO PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR CONTEMPT AND SANCTIONS AGAINST NONPARTY GOOGLE LLC

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

publishes videos and/or information about the Floatwheel Adv and/or the Floatwheel Adv Pro products[.]" ECF 27 at 6. But as Google has explained, it cannot independently identify and block access to content that is not identified by a unique URL and is instead described in sweeping and inherently ambiguous terms. *See* Resp. at 7-8; *see also* Decl. of Raquel Small (ECF 52) ("Small Decl.") ¶ 12; *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1134 (9th Cir. 2006) (reversing finding of contempt where underlying order failed to describe the prohibited conduct with specificity). Because Google is not familiar with Future Motion's patents, Mr. Lai's products, the intricacies of the electric skateboard market, or the online culture surrounding electric skateboards, Google is in no position to judge whether a particular video "teaches" viewers how to infringe Future Motion's patents or whether a particular video may contain "information" about Mr. Lai's products. *See* Resp. 19-20; *Vertex Distrib., Inc. v. Falcon Foam Plastics, Inc.*, 689 F.2d 885, 890 (9th Cir. 1982) (holding that where judgment enjoining defendants was ambiguous, moving party failed to carry its burden that defendants should be held in contempt). Moreover, Google cannot, as a practical matter, monitor billions of pieces of YouTube content in real-time to suss out any potentially infringing conduct by Mr. Lai, under any username or account he chooses to use, "now or in the future." ECF 27 at 6. Future Motion's Reply disputes none of those points. Future Motion thus tacitly concedes that Google cannot be held in contempt for failing to meet those impossible requirements.[1]

---

[1] Future Motion had to concede the point. Coercive civil contempt sanctions are appropriate only if the contemnor can purge the contempt by complying with the relevant order. In other words, the contemnor must "carr[y] the keys of his prison in his own pocket." *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 828 (1994) (internal quotation marks and citation omitted). Here, Google could not comply with an order requiring it to sift through billions of

3- GOOGLE'S MOTION FOR LEAVE TO FILE SUR-REPLY TO PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR CONTEMPT AND SANCTIONS AGAINST NONPARTY GOOGLE LLC

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

The dispute thus boils down to this: Has Future Motion proven, by clear and convincing evidence, that Google did not substantially comply with the Court's Orders to the extent they require Google to "disable public access" to specifically identified infringing content? Google respectfully submits that the answer is "no." And for the reasons below, the new arguments and evidence that Future Motion introduces for the first time in its Reply do not change the analysis.

      **B.    Google has reasonably interpreted the Orders to require Google to block access to enumerated content by U.S.-based users, and Future Motion's citation of a Reddit post does not change the analysis**

Future Motion argues that Google has read a geographical limitation into this Court's Orders, which is improper because it is possible for persons outside the United States to view the enumerated videos and cause an infringing act to occur in the United States. *See* Reply at 7-9. Future Motion says it "knows [this] has already occurred to at least some extent," citing a Reddit thread where a user who goes by the handle "IsraelMuCa" asks how to view a Floatwheel video, and "TCOLSTATS" responds that "Someone posted a mirror here." *Id.* at 7 (citing ECF 59-2 (Kolitch Decl., Ex. A)). But it is reasonable to interpret the Orders as requiring Google to block access only for users in the United States, and in any event, the Reddit string is irrelevant to the interpretation of the Orders and whether Google has substantially complied with them.[2]

---

pieces of content and identify any videos that might teach users how to infringe Future Motion's patents or might mention Mr. Lai's products. Thus, if Google were held in contempt for failing to do so, there is nothing it could do to purge itself of that contempt.

[2] This new evidence also further illustrates that holding Google in contempt may not stop or even limit Mr. Lai's alleged misconduct. Instead, Mr. Lai will simply continue publishing his content and communicating with his customers on platforms that Google does not control, including Reddit, Instagram, Facebook, and www.floatwheels.ru. *See* Reply, Exs. A (ECF 59-2) (Reddit), E (ECF 59-6) (Instagram, Facebook, Reddit); ECF 33 at 4 (www.floatwheels.ru). Even Future

4- GOOGLE'S MOTION FOR LEAVE TO FILE SUR-REPLY TO PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR CONTEMPT AND SANCTIONS AGAINST NONPARTY GOOGLE LLC

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

The Orders can and should be read as directing Google to remove or disable access to the content by identifiable U.S.-based users. First, the Orders themselves come from a court in the United States and, consistent with the patent laws, are aimed at users in the United States. *See* ECF 9 ¶ 4 (stating that, absent Future Motion's requested relief, "Defendant will continue to market the infringing products and sell those products to customers in the United States"); ECF 14 ¶ 4 (same); ECF 27 at 2 (reciting allegation that Defendant is continuing to promote its infringing products "to U.S. customers"); *see* 35 U.S.C. § 271(a) ("[W]hoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent."). The Orders do not refer or even allude to Future Motion's new theory that YouTube users outside the United States might act in a way that causes infringement of Future Motion's patents in the United States. The Orders do not use the word "worldwide" or "global" or the like. Nowhere do the Orders specifically and clearly require a worldwide block. It was therefore reasonable for Google to interpret them as requiring only U.S.-based users to be blocked. *See, e.g.*, *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993) ("[A] person should not be held in contempt if his action appears to be based on a good faith and reasonable interpretation of the court's order." (cleaned up)); *Vertex Distrib.*, 689 F.2d at 890 (holding that where judgment enjoining defendants was ambiguous, moving party failed to carry its burden that defendants should be held in contempt).

---

Motion admits that "Defendant could find some other platform on which to publish the materials that induce infringement (and thereby violate the Court's orders without YouTube's assistance)[.]" ECF 33 at 6.

5- GOOGLE'S MOTION FOR LEAVE TO FILE SUR-REPLY TO PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR CONTEMPT AND SANCTIONS AGAINST NONPARTY GOOGLE LLC

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

Second, the Reddit thread (ECF 59-2) is irrelevant to whether Google substantially complied with the Orders. Future Motion cites this exhibit in support of the proposition that this Court may enjoin acts that can result in a person outside the United States inducing infringement in the United States. But that is not the issue here because that is not what the Orders instruct Google to do. Moreover, even if this evidence were somehow relevant to the instant motion, it should be disregarded because the cited Reddit thread does not indicate whether "IsraelMuCa" or "TCOLSTATS" are located in the United States. ECF 59-2. Nor does it indicate whether those individuals (or anyone else) actually viewed Mr. Lai's allegedly infringing videos.

C.  **Google has substantially complied with the Court's Orders, and Future Motion's new "evidence" that the enjoined content is "widely disseminated" among U.S.-based users does not move the needle**

Future Motion alternatively argues that Google has not substantially complied with the Orders even if they require Google to disable content only for users in the United States. *See* Reply at 9-13. Future Motion submits new evidence that it claims supports the conclusion that "any U.S. customer wishing to access the materials can do so." Reply at 11. But that new evidence shows no such thing. And it certainly does not show that any U.S.-based user has, in fact, viewed Mr. Lai's videos since Google blocked them.

Future Motion submits screenshots of Instagram, Facebook, and Reddit chats to support the proposition that "relevant" and "interested consumers" "widely discuss[ ]" using a VPN to access the enjoined videos. Reply at 11 (citing ECF 59-6). But that evidence is not based on the personal knowledge of a witness, and Future Motion offers no reason to regard the evidence as reliable. *See* Civil Minutes at 5-6, *Sublime v. Sublime Remembered*, No. 2:06-cv-06059-CAS-CW (C.D. Cal. July 22, 2013), ECF 149; *see also id.*, Civil Minutes at 7 n.6 (Mar. 9, 2017), ECF

6- GOOGLE'S MOTION FOR LEAVE TO FILE SUR-REPLY TO PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR CONTEMPT AND SANCTIONS AGAINST NONPARTY GOOGLE LLC

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

187 (rejecting evidence proffered by plaintiffs on motion for contempt because evidence was not based on plaintiffs' personal knowledge and was not otherwise properly authenticated; evidence of this nature "does not demonstrate a violation of [an] injunction by clear and convincing evidence")).[3] Moreover, even Future Motion acknowledges that this new evidence does not show that any U.S.-based customer actually has used a VPN (or any other method) to view the enjoined videos. *See* Reply at 11 (characterizing evidence as showing the mere "*possibility*" that "any U.S. consumer wishing to access the materials can do so") (emphasis added).

In other words, the new evidence itself is shaky at best, and the conclusions Future Motion draws from it are wholly speculative. These stray online posts therefore fall far short of Future Motion's burden to show by clear and convincing evidence that Google's efforts did not substantially comply with the Court's Orders. *See In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d at 695 (reciting clear and convincing evidence standard for contempt). The state of the record remains that Future Motion's counsel is the only known U.S.-based user that has accessed the enjoined content, and even that occurred nine months after Google blocked it from identifiable U.S.-based users and only after counsel masked his location with a VPN.

### D. The fact that Google can detect use of a VPN in some cases is irrelevant to the substantial-compliance analysis

Future Motion asks the Court to "disregard Google's assertion that it has done everything it can reasonably do, short of a 'worldwide block,' to restrict access to Defendant's enjoined

---

[3] The users have handles like "DutchVolcano," "hairybootoo," and "M4NOOB," but their actual names are not in evidence. ECF 59-6. Even assuming the reliability of the statements on the platforms, its relevance is limited as there appears to be only one user who was in the United States. *See* Ex. 59-6 at 5 ("joshthemute" says he is "in California"). At least one user was not in the United States. *See id.* ("DutchVolcano" claims to be "euro based").

7- GOOGLE'S MOTION FOR LEAVE TO FILE SUR-REPLY TO PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR CONTEMPT AND SANCTIONS AGAINST NONPARTY GOOGLE LLC

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

content," based on a new exhibit that shows that Google can detect use of a VPN. Reply at 11-13 (citing ECF 59-7). But the new exhibit is irrelevant. That Google can sometimes detect use of a VPN does not mean that Google knows whether the VPN user is in the United States or somewhere else. Again, *VPNs are specifically designed to mask that information* and are used for purposes beyond just location masking. *See* Resp. at 7 & n.4. That is why, as Google has explained, "the only way Google could eliminate *any* possibility of *any* users evading location-based blocks is by blocking access to *all* users across the globe—whether they are attempting to evade the blocks or not." *Id.* at 7.

For those reasons, when blocking content in response to a United States court order, YouTube's systems try to determine if the user is physically located in the United States. Small Decl. ¶ 13. If so, then the user will not be able to view the blocked content. *Id.* This Court should accept, not disregard, Google's evidence that it has taken reasonable and practicable steps to block the content for identifiable U.S.-based users.

## III. CONCLUSION

Future Motion seeks to turn civil contempt into a game of "gotcha." But as noted in Google's response brief, civil contempt is a "severe remedy" that "should not be resorted to where there is a fair ground of doubt as to the wrongfulness of the . . . conduct." *Taggart v. Lorenzen*, 587 U.S. 554, 561 (2019) (cleaned up). And there is far more than a "fair ground of doubt" as to the wrongfulness of Google's conduct here. Even Future Motion agrees that Google—unlike other nonparties—tried to comply with the Court's Orders. Future Motion's counsel apparently was able to circumvent Google's efforts to block Mr. Lai's content. It is possible that others may do so in the future, although that is entirely speculative. Nevertheless,

8- GOOGLE'S MOTION FOR LEAVE TO FILE SUR-REPLY TO PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR CONTEMPT AND SANCTIONS AGAINST NONPARTY GOOGLE LLC

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

substantial compliance does not require perfection; it requires the kind of reasonable, good-faith efforts that Google made here. *See* Resp. at 18-20; *see also* 11A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2960 (3d ed. June 2024 update) ("When the … alleged contemnor has made an effort to comply, the court will not find contempt.").

/ / /

/ / /

/ / /

9- GOOGLE'S MOTION FOR LEAVE TO FILE SUR-REPLY TO PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR CONTEMPT AND SANCTIONS AGAINST NONPARTY GOOGLE LLC

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

Google submits that it was not bound by the Orders in the first place because it is not a party and is not in active concert with Mr. Lai. But even if the Court determines that Google is bound by the Orders, it should decline to hold Google in contempt on the ground that Google substantially complied with the Orders.

DATED: January 7, 2025.

**PERKINS COIE LLP**

By: */s/ Julia E. Markley*
    Julia E. Markley, OSB No. 000791
    JMarkley@perkinscoie.com
    1120 N.W. Couch Street, Tenth Floor
    Portland, Oregon 97209-4128
    Telephone: +1.503.727.2000

    Ryan M. Spear, *pro hac vice*
    RSpear@perkinscoie.com
    Margot Loken, *pro hac vice*
    MLoken@perkinscoie.com
    1201 Third Avenue, Suite 4900
    Seattle, Washington 98101-3099
    Telephone: +1.206.359.8000

*Attorneys for Intervenor Google LLC*

10- GOOGLE'S MOTION FOR LEAVE TO FILE SUR-REPLY TO PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR CONTEMPT AND SANCTIONS AGAINST NONPARTY GOOGLE LLC

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

## CERTIFICATE OF SERVICE

     I hereby certify that on January 7, 2025, a true and correct copy of the above document was electronically filed with the Clerk of the Court using CM/ECF. A copy of the document will be served via the Notices of Electronic Filing that are generated by CM/ECF. Additionally, a courtesy copy is being emailed to:

| | |
|---|---|
| Shawn J. Kolitch<br>KOLITCH ROMANO DASCENZO GATES<br>621 SW Morrison Street, Suite 1100<br>Portland, OR  97205<br>Email:  shawn@krdglaw.com<br><br>*Attorneys for Plaintiff* | Tony Lai<br>Email:  tony@floatwheel.co<br><br>*Defendant* |

DATED:  January 7, 2024.

**PERKINS COIE LLP**

By: */s/ Julia E. Markley*
    Julia E. Markley, OSB No. 000791
    JMarkley@perkinscoie.com
    1120 N.W. Couch Street, Tenth Floor
    Portland, Oregon 97209-4128
    Telephone: +1.503.727.2000

    Ryan Spear, *pro hac vice*
    RSpear@perkinscoie.com
    Margot Loken, *pro hac vice*
    MLoken@perkinscoie.com
    1201 Third Avenue, Suite 4900
    Seattle, WA  98101
    Telephone: +1.206.359.8000
    Facsimile:  +1.206.359.9000

*Attorneys for Intervenor Google LLC*

1- CERTIFICATE OF SERVICE

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  +1.503.727.2000
Fax:  +1.503.727.2222