SHAWN J. KOLITCH, OSB No. 063980
E-mail: shawn@krdglaw.com
**KOLITCH ROMANO DASCENZO GATES LLC**
621 SW Morrison Street #1100
Portland, OR 97205
Telephone: (503) 994-1650
Facsimile: (503) 224-7329

*Attorneys for Plaintiff*
*FUTURE MOTION, INC.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| FUTURE MOTION, INC., <br><br> Plaintiff, <br><br> v. <br><br> TONY LAI, an individual doing business as FLOATWHEEL, <br><br> Defendant. | Case No. 3:23-cv-01742-AR <br><br> **PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AGAINST NONPARTY GOOGLE LLC, D/B/A YOUTUBE** <br><br> **All Writs Act** <br> **28 U.S.C. § 1651** <br><br> **Request for Oral Argument** |

### LR 7-1 Certification

Plaintiff Future Motion, Inc. ("Future Motion") hereby certifies that counsel for Future Motion and counsel for Google LLC, d/b/a YouTube ("Google") met and conferred by video call in an effort to resolve the subject of this motion, but were unable to do so.

### MOTION

Pursuant to the All Writs Act, 28 U.S.C. § 1651 ("AWA"), Future Motion hereby moves the Court for a preliminary injunction ordering nonparty Google to remove or completely disable Defendant's entire YouTube channel at youtube.com/floatwheel (and on all mirror sites that

Google controls), in order to prevent Defendant's YouTube channel from being viewed by any user at any IP address, regardless of the actual or apparent geographic origin of the IP address. An order requiring complete removal of Defendant's YouTube channel is appropriate due to the high likelihood, demonstrated by Defendant's behavior since Future Motion commenced this action, that Defendant will otherwise continue to publish infringing content to its channel.

Alternatively, Future Motion moves the Court for a preliminary injunction ordering Google to remove from YouTube (and on all mirror sites that Google controls) the 48 specific videos the Court previously ordered Defendant to remove from YouTube. If the Court grants this form of relief, Future Motion expects to request one or more additional orders directed at Google under the AWA, after seeking a permanent injunction that requires Defendant to remove its entire YouTube channel or specific additional infringing YouTube content. This additional content includes at least 19 videos inducing patent infringement that Defendant published to its YouTube channel after the Court ordered Defendant to remove its first 48 infringing videos, as well as any other infringing content Defendant publishes to its YouTube channel in the future.

A proposed preliminary injunction order is attached to this motion, including alternative language representing the two alternative forms of relief described above.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION AND RELEVANT HISTORY**

Future Motion filed its Complaint in this action on November 27, 2023 alleging direct infringement of four United States patents through Defendant's manufacture, importation, and/or sale of its Floatwheel self-balancing electric skateboards, and inducing infringement of the same patents by publishing instructional videos and other infringing material, particularly on YouTube. ECF No. 1. On December 7, 2023, Future Motion filed a motion for leave to serve Defendant by

email, which the Court granted. ECF Nos. 6, 7. Future Motion served Defendant with the summons and Complaint in this action on December 7, 2023. ECF No. 8-1, ¶5.

### A.     The Court's Prior Injunctive Orders

On December 14, 2023, Future Motion moved the Court for a temporary restraining order and a preliminary injunction, seeking to shut down Defendant's e-commerce website that offered the infringing Floatwheel products at floatwheel.com, and to take down Defendant's YouTube videos inducing infringement at youtube.com/floatwheel. ECF No. 8. On December 15, 2023, the Court granted a temporary restraining order (the "TRO"). ECF No. 9. With respect to Defendant's YouTube videos, the TRO states:

> Defendant is hereby temporarily restrained from . . . [p]roducing, distributing, disseminating, or continuing to make publicly available any instructional video that induces infringement of U.S. Pat. No. 9,598,141, U.S. Pat. No. 10,456,658, U.S. Pat. No. 11,273,364, or U.S. Pat. No. 11,590,409, including but not limited to the 43 videos listed in Exhibit I to Future Motion's Complaint filed in this action, through any channel including but not limited to www.youtube.com/f1oatwheel.
> . . .
>
> Google LLC, doing business as YouTube, must promptly upon receipt of a copy of this Order disable public access to all instructional videos teaching viewers how to make and/or use a product that infringes Future Motion's patents, including but not limited to the following videos currently hosted at the YouTube channel https://www.youtube.com/floatwheel and listed in Exhibit I to Future Motion's Complaint in this action:

ECF No. 9, pp. 6-7. The TRO includes a listing of 43 of Defendant's YouTube videos that were inducing infringement when Future Motion commenced this action, with specific titles and URLs. *Id*., pp. 7-10.

The Court conducted a preliminary injunction hearing on December 28, 2023, and granted a preliminary injunction on December 29, 2023. ECF No. 14 (the "First Preliminary Injunction Order"). The First Preliminary Injunction Order states in relevant part:

> Defendant is hereby preliminarily enjoined and restrained from . . . [p]roducing, distributing, disseminating, or continuing to make publicly available any

> instructional video that induces infringement of U.S. Pat. No. 9,598,141, U.S. Pat. No. 10,456,658, U.S. Pat. No. 11,273,364, or U.S. Pat. No. 11,590,409, including but not limited to the 43 videos listed in Exhibit I to Future Motion's Complaint filed in this action and the five additional videos listed previously in this Order, through any channel including but not limited to www.youtube.com/f1oatwheel.
>
> . . .
>
> Any video platform provider, including but not limited to Google LLC doing business as YouTube, must promptly upon receipt of a copy of this Order either disable public access to (i) the entire Floatwheel YouTube channel at https://www.youtube.com/floatwheel or (ii) to all individual videos teaching viewers how to make and/or use a product that infringes Future Motion's patents, including but not limited to the following 48 videos currently hosted at the YouTube channel https://www.youtube.com/floatwheel:

ECF No. 14, pp. 7-8. The order lists the 48 videos referenced in the above language, with specific titles and URLs. *Id*., pp. 9-12.

Defendant subsequently took numerous steps to circumvent the Court's orders, such as moving its website and e-commerce operations multiple times, switching to a proprietary electronic shopping platform, and adopting a series of different customer service email addresses. Defendant also continued to post new videos and additional infringing content on its YouTube channel, and introduced new infringing products. *See, e.g.*, ECF Nos. 26-1–26-6. In an attempt to counteract these measures, Future Motion moved the Court for a second preliminary injunction, which the Court granted on June 20, 2024. ECF No. 27 (the "Second Preliminary Injunction Order"). The Second Preliminary Injunction Order states in relevant part:

> Google LLC, doing business as YouTube, shall promptly upon receipt of a copy of this Order remove or disable Defendant's entire "Floatwheel" YouTube channel at www.youtube.com/floatwheel, along with any other YouTube channel Defendant operates now or in the future that publishes videos and/or information about the Floatwheel Adv and/or Floatwheel Adv Pro products;
>
> . . .
>
> the Court's previous Preliminary Injunction dated December 29, 2024 shall remain in full force and effect.

ECF No. 27, pp. 6-7.

### B. Defendant Has Ignored the Court's Orders

Aside from taking steps to avoid the consequences of the Court's orders, Defendant simply ignored the orders. Specifically, with respect to Defendant's infringing videos that are the subject of the present motion, there is no indication that Defendant has ever removed any of the videos from YouTube. All 48 specifically listed enjoined videos, plus at least 19 additional videos advertising Defendant's infringing products and inducing infringement of Future Motion's patents, which Defendant published *after* the Court issued the Second Preliminary Injunction Order, remain publicly available on Defendant's YouTube channel. Declaration of Shawn J. Kolitch in Support of Plaintiff's Motion for Preliminary Injunction Against Nonparty Google LLC, d/b/a YouTube ("Kolitch Decl.") ¶4, Ex. A.

### C. Google's Response to the Court's Orders

Google states that its response to the Court's injunctive orders has been to employ "its typical method for blocking U.S.-based users' access to YouTube content." ECF No. 51, p. 7. This method is to check the apparent origin of the user's Internet Protocol (IP) address, and block access to the enjoined videos from IP addresses that appear to originate in the United States. *See id*. This leaves the videos accessible to any user using a Virtual Private Network ("VPN") to provide an IP address appearing to originate outside the United States, and to any user who navigates to the Floatwheel YouTube channel through one of YouTube's mirror sites even without using a VPN (such as through the URLs youtube.ru/floatwheel, youtube.jp/floatwheel, youtube.es/floatwheel, youtube.fr/floatwheel, youtube.ie/floatwheel, youtube.it/floatwheel, youtube.nl/floatwheel, or youtube.pl/floatwheel). Using either method, any consumer located anywhere, including in the United States, can immediately access all of Defendant's enjoined videos, rendering the Court's

orders relating to the videos substantially ineffective. Kolitch Decl. ¶¶2-4, Ex. A. *See also* ECF No. 33, pp. 5-7.

## II.     APPLICABLE LAW

The All Writs Act provides that federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). Under the AWA, a federal court may "issue such commands . . . as may be necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued." *United States v. New York Tel. Co.*, 434 U.S. 159, 172 (1977). This includes orders to nonparties "who, though not parties to the original action or engaged in wrongdoing, are nonetheless poised to aid the implementation of a court order or the proper administration of justice." *Forbes Media LLC v. United States*, 61 F.4th 1072, 1075 (9th Cir. 2023) (citing *New York Tel. Co.*, 434 U.S. at 174) (internal quotation marks omitted).

To grant relief under the AWA, "a court must find three conditions are satisfied: (1) the party seeking issuance of the writ must have no other adequate means to attain the relief he desires; (2) the petitioner must satisfy the burden of showing that his right to issuance of the writ is clear and indisputable; and (3) even if the first two prerequisites have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *Szanto v. Amborn*, 3:21-cv-163-SI, 3:21-cv-417-SI, Bankr. Case 3:16-bk-33185-pcm7 (D. Or. Sep 28, 2022) (citing *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380-81 (2004)).

Federal courts have issued orders under the AWA "when used to prevent circumvention of a court's previous order." *Ronnie Van Zant, Inc. v. Pyle*, 270 F.Supp.3d 656, 673 (S.D.N.Y. 2017) (citing *Sheet Metal Contractors Ass'n of N. N.J. v. Sheet Metal Workers' Int'l Ass'n*, 157 F.3d 78, 82–83 (2nd Cir. 1998)). *See also United States v. Int'l Bhd. of Teamsters, Chauffeurs,*

*Warehousemen & Helpers of Am., AFL–CIO,* 266 F.3d 45, 50 (2nd Cir. 2001) (upholding injunction against nonparty and stating the AWA "makes no distinctions between parties and nonparties"); *Forbes Media LLC v. United States*, 61 F.4th 1072, 1075 (9th Cir. 2023) (quoting *Plum Creek Lumber Co. v. Hutton*, 608 F.2d 1283, 1289 (9th Cir. 1979)) (district courts may issue orders to nonparties under the AWA "to provide nonburdensome technical assistance" in furtherance of the execution of a warrant or a criminal investigation); *Washington v. Washington State Commercial Passenger Fishing Vessel Ass'n*, 443 U.S. 658, 692 n. 32 (1979) (nonparty fishing associations were subject to a district court's injunction issued under the AWA to protect a series of its previous orders).

### III.   A PRELIMINARY INJUNCTION DIRECTED TO GOOGLE IS WARRANTED UNDER THE AWA

As noted above, an order under the AWA requires that (1) the party seeking the writ must have no other adequate means to attain the requested relief; (2) the petitioner must demonstrate that the right to issuance of the writ is clear and indisputable; and (3) the issuing court must determine that the writ is appropriate under the circumstances. *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380-81 (2004). For the following reasons, the Court should find these conditions satisfied here, and grant Future Motion's requested relief under the AWA.

#### A.   Future Motion Has No Other Adequate Means to Attain Relief

Future Motion seeks removal of Defendant's videos inducing patent infringement from YouTube. The prior litigation in this case demonstrates that Future Motion has no adequate means, other than an order directed to Google under the AWA, to attain this relief. Defendant has consistently ignored the Court's orders relating to its YouTube videos for well over a year, and shows no sign of changing this behavior. Specifically, on December 29, 2023, the Court enjoined Defendant from "[p]roducing, distributing, disseminating, or continuing to make publicly

available any instructional video that induces infringement of [Future Motion's asserted patents], including but not limited to [48 specific videos], through any channel including but not limited to www.youtube.com/floatwheel." ECF No. 14, p. 7. Despite this, all 48 of the enjoined videos remain publicly available on Defendant's YouTube channel, along with at least 19 additional videos inducing infringement that Defendant published later. Kolitch Decl. ¶4, Ex. A.

Further litigation directed at Defendant would almost certainly have no effect upon the public availability of Defendant's infringing videos. Defendant is a Chinese entity, doing business from China, and has failed to appear in this action while taking numerous steps to avoid the reach of the Court's orders. *See, e.g.*, ECF Nos. 26-1–26-6. In addition to a TRO and two preliminary injunctions, the Court has entered default against Defendant, found Defendant in contempt, and awarded Future Motion over $75,000 in attorney's fees and costs. ECF Nos. 9, 14, 20, 27, 57, 75. Nevertheless, Defendant's enjoined videos remain publicly available, and Defendant published new infringing videos to its YouTube channel as recently as March 2 and March 3, 2025. Kolitch Decl. ¶5, Ex. B. Thus, it seems clear that Defendant itself will not remove its enjoined YouTube videos, and will continue to publish additional videos that induce patent infringement, regardless of the Court's past orders or any further litigation directed at Defendant by Future Motion.

Aside from Defendant, only nonparty Google, which controls Defendant's YouTube channel, has the ability to remove Defendant's infringing videos from the public domain. However, despite Future Motion's numerous written notices asking Google to remove Defendant's enjoined videos, and language in the Court's prior injunctive orders order explicitly directing Google first to remove a list of 48 YouTube videos (ECF No. 14, pp. 8-12) and then to remove Defendant's entire YouTube channel (ECF No. 27, p. 6), Google has not removed any of Defendant's videos from the YouTube platform. Instead, as discussed above, all of Defendant's

enjoined videos remain easily accessible by U.S. consumers, either by using a VPN or by navigating to the Floatwheel channel through any of YouTube's numerous international mirror sites (which simply requires replacing ".com" with another suffix). Kolitch Decl. ¶¶2-4, Ex. A.

In an attempt to bind Google to the Court's previous injunctive orders (ECF Nos. 9, 14, 27) under Fed. R. Civ. P. 65, Future Motion moved the Court to find Google liable for aiding and abetting Defendant's violation of the orders, but the Court denied the motion, holding that "Google is not aiding and abetting Defendant and thus is not subject to the TRO and preliminary injunctions." ECF No. 64, p. 10. Accordingly, because (i) Defendant has demonstrated it will not comply with the Court's orders; (ii) Google is not bound by the Court's prior orders, and has refused to remove Defendant's YouTube videos voluntarily; and (iii) no other party has the ability to remove the videos, Future Motion has no adequate means to attain removal of Defendant's infringing videos from YouTube other than issuance of a writ under the AWA directed at Google.

### B.    Future Motion's Right to Issuance of a Writ Is Clear and Indisputable

Future Motion's right to issuance of its requested writ is clear and indisputable because it corresponds to Future Motion's right to have Defendant's infringing videos preliminarily removed from the public domain, which the Court has already adjudicated. *See, e.g., Allied Chemical Corporation v. Daiflon, Inc*, 449 U.S. 33, 36 (1980) (equating the "clear and indisputable" portion of the test for entitlement to a writ under the AWA to "a litigant's right to a particular result"); *Washington Public Utilities Group v. U.S. Dist. Court for Western Dist. of Washington*, 843 F.2d 319, 324 (9th Cir. 1988) (same). The Court already issued a TRO and two preliminary injunctions ordering Defendant to remove its videos inducing patent infringement from the public domain, including YouTube. ECF Nos. 9, 14, 27. Furthermore, because Defendant has defaulted in this action, Future Motion's allegations that Defendant's videos induce patent infringement are

presumed true. *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (citation omitted). Accordingly, it is clear and indisputable that Future Motion is entitled to removal of Defendant's infringing videos at least preliminarily from YouTube, which is the sole relief Future Motion seeks in this motion.

### C. A Writ Directed at Google Is Appropriate Under the Circumstances

Assuming the Court finds that the first two parts of the test for issuance of a writ under the AWA have been satisfied, the Court also "must be satisfied that the writ is appropriate under the circumstances." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 381 (2004). For the following reasons, an order directing Google to remove Defendant's entire YouTube channel, or alternatively an order directing Google to remove Defendant's 48 specifically enjoined videos, is appropriate under the circumstances of this action.

First, Future Motion seeks a writ that will result in relief the Court has already ordered. With respect to removal of Defendant's entire YouTube channel, on June 20, 2024, the Court issued an order directing Google to "remove or disable Defendant's entire 'Floatwheel' YouTube channel . . ." ECF No. 27, p. 6. Similarly, the Court has already enjoined Defendant from "[p]roducing, distributing, disseminating, or continuing to make publicly available . . . the 43 videos listed in [ECF No. 1-9] and the five additional videos listed previously in this Order . . ." ECF No. 14, p. 7. Thus, whether the scope of the writ includes Defendant's entire YouTube channel or only a specific list of videos, this case represents exactly the type of situation contemplated by the Supreme Court when it authorized the federal courts to issue writs under the AWA "as may be necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued." *United States v. New York Tel. Co.*, 434 U.S. 159, 172 (1977).

Second, a writ directing Google to remove either Defendant's entire YouTube channel or a list of Defendant's specific YouTube videos would not be burdensome for Google. Google's terms of service for YouTube explicitly state that Google may remove any user content for various reasons "in [YouTube's] discretion." ECF No. 37-4, p. 9. Furthermore, Google has already demonstrated that it can restrict access to Defendant's videos from U.S.-based IP addresses. Therefore, it is apparent that Google can easily remove Defendant's videos or Defendant's entire channel from YouTube. This is precisely the type of "nonburdensome technical assistance" that federal courts have ordered a nonparty to provide under the AWA to gain compliance with a previously issued order. *Forbes Media LLC v. United States*, 61 F.4th 1072, 1075 (9th Cir. 2023) (quoting *Plum Creek Lumber Co. v. Hutton*, 608 F.2d 1283, 1289 (9th Cir. 1979)).

Finally, principles of equity and public policy weigh in favor of granting Future Motion's requested writ. Defendant has evidently decided to ignore or actively evade the Court's orders, and because Defendant is a Chinese entity with no apparent U.S. presence or assets, there is no leverage available to induce Defendant to remove its enjoined videos from the public domain. Rather, it seems clear that Defendant's intention is to continue inducing patent infringement with its YouTube videos indefinitely, by teaching U.S. customers how to purchase, assemble, configure, and use its infringing products. Allowing Defendant to do this, when Google is "poised to aid the implementation of a court order or the proper administration of justice," without any undue burden, would be unfair to Future Motion. *Forbes Media*, 61 F.4th at 1075 (citing *New York Tel. Co.*, 434 U.S. at 174). Furthermore, this result would be contrary to the constitutionally authorized goal of the U.S. patent system, which is "to promote the progress of science and useful arts" by providing a period of exclusivity to incentivize research and development. U.S. Const., Art. I, Sec. 8.

## IV. CONCLUSION

For the foregoing reasons, the conditions for issuance of a writ under the AWA are satisfied. Accordingly, Future Motion respectfully moves the Court for issuance of a preliminary injunction directing nonparty Google to remove or disable Defendant's entire YouTube channel at youtube.com/floatwheel, including disabling access to the channel through all mirror sites Google controls. Future Motion believes removal of Defendant's entire YouTube channel is appropriate because the Court has already ordered this, and because Defendant has demonstrated that it will continue to publish new infringing content to its YouTube channel if permitted to do so.

Alternatively, Future Motion moves the court for issuance of a preliminary injunction directing nonparty Google to remove the 48 specific videos the Court has already ordered Defendant to remove from YouTube, in which case Future Motion intends to seek another writ ordering Google to remove any of Defendant's additional YouTube videos or content the Court enjoins in the future, such as in a permanent injunction.

Future Motion's requests are represented by alternative language in the proposed order filed concurrently with this motion.


DATED: March 18, 2024                Respectfully submitted,

                                     By:  /s/ Shawn J. Kolitch
                                     Shawn J. Kolitch
                                     **KOLITCH ROMANO DASCENZO GATES LLC**
                                     621 SW Morrison #1100
                                     Portland, Oregon 97205
                                     Tel.: 503-994-1650
                                     Fax: 503-224-7329
                                     shawn@krdglaw.com
                                     *Counsel for Plaintiff Future Motion, Inc.*