SHAWN J. KOLITCH, OSB No. 063980
E-mail: shawn@krdglaw.com
**KOLITCH ROMANO DASCENZO GATES LLC**
621 SW Morrison Street #1100
Portland, OR 97205
Telephone: (503) 994-1650
Facsimile: (503) 224-7329

*Attorneys for Plaintiff*
*FUTURE MOTION, INC.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| FUTURE MOTION, INC., <br><br>  Plaintiff, <br><br> v. <br><br> TONY LAI, an individual doing business as FLOATWHEEL, <br><br>  Defendant. | Case No. 3:23-cv-01742-AR <br><br> **[PROPOSED] ORDER ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AGAINST NONPARTY GOOGLE LLC, D/B/A YOUTUBE** |

On March 18, 2025, Plaintiff Future Motion, Inc. ("Future Motion") moved for a preliminary injunction against nonparty Google LLC, d/b/a YouTube ("Google"), pursuant to the All Writs Act, 28 U.S.C. § 1651 ("AWA"). ECF. No. 76. Future Motion requests a writ under the AWA ordering Google to remove or completely disable Defendant's entire YouTube channel at youtube.com/floatwheel (and on all mirror sites that Google controls), or alternatively ordering Google to remove from YouTube (and all

[PROPOSED] ORDER ON PLAINTIFF'S MOTION FOR PRELIMINARY
INJUNCTION AGAINST NONPARTY GOOGLE LLC, D/B/A/ YOUTUBE
Page 1

mirror sites Google controls) 48 specific videos the Court previously ordered Defendant to remove from YouTube.

The Court previously issued a TRO and two preliminary injunctions against Defendant aimed at stopping Defendant's infringement of Future Motion's asserted U.S. patents, including an order preliminarily enjoining Defendant from:

> [p]roducing, distributing, disseminating, or continuing to make publicly available any instructional video that induces infringement of U.S. Pat. No. 9,598,141, U.S. Pat. No. 10,456,658, U.S. Pat. No. 11,273,364, or U.S. Pat. No. 11,590,409, including but not limited to the 43 videos listed in Exhibit I to Future Motion's Complaint filed in this action and the five additional videos listed previously in this Order, through any channel including but not limited to www.youtube.com/f1oatwheel.

ECF No. 14, p. 7. In the same order, the Court instructed:

> Any video platform provider, including but not limited to Google LLC doing business as YouTube, must promptly upon receipt of a copy of this Order either disable public access to (i) the entire Floatwheel YouTube channel at https://www.youtube.com/floatwheel or (ii) to all individual videos teaching viewers how to make and/or use a product that infringes Future Motion's patents, including but not limited to the following 48 videos currently hosted at the YouTube channel https://www.youtube.com/floatwheel:

*Id.*, p. 8. The order lists the 48 videos referenced in the above language, with specific titles and URLs. *Id.*, pp. 9-12.

In addition to a TRO and two preliminary injunctions, the Court has entered default against Defendant, found Defendant in contempt based on Defendant's failure to comply with the Court's orders, and awarded Future Motion $75,467.02 in attorney's fees and costs. ECF Nos. 9, 14, 20, 27, 57, 75. Nevertheless, Future Motion has demonstrated that all 48 of Defendant's specifically enjoined videos remain publicly

available, and that Defendant has published at least 19 additional videos to its YouTube channel, which Future Motion alleges also induce infringement of its patents. This includes videos published as recently as March 2 and March 3, 2025. ECF Nos. 76-1, 76-3 (Kolitch Decl. ¶5, Ex. B).

Pursuant to Fed. R. Civ. P. 8(b)(6), and in view of Defendant's failure to respond to Future Motion's Complaint and this Court's entry of default against Defendant, the Court presumes all of Future Motion's factual allegations are true.

Future Motion sought assistance from Google to remove Defendant's infringing YouTube content, first through a series of written requests, and then through a motion asking the Court to find Google in contempt for aiding and abetting Defendant's violation of the Court's orders, which the Court denied. ECF No. 64.

The Court, having already determined that preliminary injunctive relief is appropriate in this case, and being satisfied with Future Motion's representations regarding Defendant's ongoing violation of the Court's prior injunctive orders, makes the following additional preliminary findings and conclusions:

1. Defendant appears to have ignored the Court's prior orders, aside from taking affirmative steps to evade the reach and effect of those orders, and accordingly, the Court has already found Defendant in contempt. ECF No. 57.

2. Specifically, despite the Court's previous orders requiring removal of Defendant's content that induces patent infringement from YouTube, Defendant has added at least 19 additional videos and information to its YouTube channel at

www.youtube.com/floatwheel, further facilitating Defendant's infringement of Future Motion's patents.

3. The AWA authorizes the Court to "issue such commands . . . as may be necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued," including orders to nonparties poised to aid the implementation of the Court's orders or the proper administration of justice. *United States v. New York Tel. Co.*, 434 U.S. 159, 172 (1977).

4. The Court concludes that Defendant has demonstrated it will not remove its infringing YouTube videos, and is likely to continue to publish additional videos that induce patent infringement, regardless of the Court's past orders or any further litigation directed at Defendant by Future Motion. Therefore, aside from an order to nonparty Google, the Court concludes that Future Motion has no adequate way to attain its requested relief.

5. This Court further concludes that Future Motion has demonstrated a clear and indisputable right to its requested relief, because the Court has already issued a TRO and two preliminary injunctions ordering Defendant to remove its videos inducing patent infringement from the public domain, including YouTube. ECF Nos. 9, 14, 27.

6. The Court is also satisfied that a writ directed at Google is appropriate under the circumstances of this case, because Future Motion seeks a writ that will result in relief the Court has already ordered, because a writ directing Google to remove Defendant's YouTube content would not be burdensome for Google, and because

principles of equity and public policy weigh in favor of granting Future Motion's requested writ.

7. Because the Court finds (i) Future Motion has no other adequate means to attain its requested relief; (ii) Future Motion has satisfied its burden of showing that its right to issuance of its requested writ is clear and undisputable; and (iii) Future Motion's requested writ is appropriate under the circumstances, the Court hereby orders preliminary injunctive relief, directed to nonparty Google pursuant to the AWA, as follows.

## PRELIMINARY INJUNCTION

**IT IS HEREBY ORDERED** that, in accordance with the Court's authority under the All Writs Act, 28 U.S.C. § 1651(a):

1. [*First alternative*] Google shall promptly upon receipt of a copy of this Order remove or disable Defendant's entire YouTube channel at youtube.com/floatwheel, including disabling access to the channel through all mirror sites Google controls and from all IP addresses, and shall not provide any future YouTube services to Defendant, its affiliates, or its successors relating to Defendant's "Floatwheel" business;

1. [*Second alternative*] Google shall promptly upon receipt of a copy of this Order remove or disable Defendant's 48 specific videos the Court previously ordered Defendant to stop publishing to YouTube, as listed in ECF No. 14 at

pp. 9-12, including disabling access to the 48 videos through all mirror sites Google controls and from all IP addresses.

2. Google shall certify its compliance with this Order to Future Motion's counsel in writing within five (5) business days of the date of this Order.

## ADDITIONAL ORDERS

**IT IS HEREBY FURTHER ORDERED** that Future Motion's previously provided bond of $5,000 is sufficient for purposes of this Preliminary Injunction and shall be retained by the Court.

**IT IS HEREBY FURTHER ORDERED** that the Court's previous Preliminary Injunctions dated December 29, 2023 and June 20, 2024 shall remain in full force and effect.

**IT IS HEREBY FURTHER ORDERED** that this Order must be served upon Defendant via e-mail to the e-mail address tony@floatwheel.co that Defendant currently advertises for customer service communications.

IT IS SO ORDERED.

DATED this _____ day of _____, 2025.

_____
Michael H. Simon
UNITED STATES DISTRICT JUDGE