Julia E. Markley, Bar No. 000791
JMarkley@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Telephone: +1.503.727.2000
Facsimile:  +1.503.727.2222

Ryan Spear, *pro hac vice*
RSpear@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101
Telephone: +1.206.359.8000
Facsimile:  +1.206.359.9000

*Attorneys for Nonparty Google LLC*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| FUTURE MOTION, INC.,<br><br>                Plaintiff,<br><br>     v.<br><br>TONY LAI, an individual doing business as FLOATWHEEL,<br><br>                Defendant. | Case No. 3:23-cv-01742-AR<br><br>**NONPARTY GOOGLE LLC'S UNOPPOSED MOTION TO INTERVENE** |

## MOTION

Google LLC d/b/a YouTube ("Google") moves pursuant to Federal Rule of Civil Procedure 24(a) to intervene as a matter of right or, in the alternative, pursuant to Federal Rule of Civil Procedure 24(b), for an order permitting Google to intervene in this action. Google seeks to intervene for the limited purpose of opposing Plaintiff's Motion for Preliminary Injunction against Google LLC, d/b/a YouTube (ECF No. 76) ("PI Motion"). In compliance with Local Rule 7-1, Google conferred by email and videoconference, and Plaintiff does not oppose Google's Motion. Notably, the Court previously granted Google's Motion to Intervene (ECF No. 50) for the limited purpose of opposing Plaintiff's Motion for Imposition of Sanctions Against Google LLC, d/b/a YouTube, or Alternatively for An Order to Show Cause (ECF No. 55).

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Courts permit nonparties to intervene as of right where the nonparty timely moves to intervene; has a significantly protectable interest related to the subject of the action; may have that interest impaired by the disposition of the action; and will not be adequately represented by existing parties. Caselaw shows that four requirements are met when a nonparty faces the possibility of an injunction directing it to take action. That is the case here, and Google should be permitted under Rule 24(a)(2), or alternatively under Rule 24(b), to respond to the PI Motion.

### II. BACKGROUND

Google discussed the background of this case in its prior Unopposed Motion to Intervene, and for brevity and economy, does not reiterate the background herein. (*See* ECF No. 50, at 2–4.) Relevant here, Plaintiff previously moved for an order requesting that the Court impose sanctions

1- NONPARTY GOOGLE LLC'S UNOPPOSED
   MOTION TO INTERVENE

against Google for similar activity that forms the basis of the PI Motion. (*Compare* ECF No. 33 at 2–7 *with* ECF No. 76 at 3–6.) The Court granted Google's unopposed motion to intervene for the limited purpose of replying to Plaintiff's motion requesting sanctions against it. (ECF No. 55.) Because Google continues to be a nonparty to this case, it now files this motion to intervene for the limited purposes of opposing Plaintiff's PI Motion against it. (ECF No. 76.)

### III. GOOGLE IS ENTITLED TO INTERVENE AS OF RIGHT

Rule 24(a)(2) allows a party to intervene as of right when it claims an interest in the subject matter of the case and disposition of the case may impair or impede its ability to protect that interest, unless existing parties adequately represent it. The Ninth Circuit has held that a nonparty may intervene as of right when it "(i) timely moves to intervene; (ii) has a significantly protectable interest related to the subject of the action; (iii) may have that interest impaired by the disposition of the action; and (iv) will not be adequately represented by existing parties." *W. Watersheds Project v. Haaland*, 22 F.4th 828, 835 (9th Cir. 2022). All four requirements are met here, and Google is entitled to intervene pursuant to Rule 24(a)(2).

**1. Google's motion is timely.** The Ninth Circuit considers three factors "in determining whether a motion to intervene is timely: (1) the stage of the proceedings; (2) whether the parties would be prejudiced; and (3) the reason for any delay in moving to intervene." *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 836–37 (9th Cir. 1996) (citation omitted). Google filed this motion merely three days after Plaintiff filed its PI Motion. Thus, this motion is timely.

**2. Google has a significant protectable interest.** The Ninth Circuit has held that a nonparty "has a significant protectable interest in an action if (1) it asserts an interest that is protected under some law, and (2) there is a relationship between its legally protected interest and the plaintiff's claims." *California ex rel. Lockyer v. United States*, 450 F.3d 436, 441 (9th

2- NONPARTY GOOGLE LLC'S UNOPPOSED
   MOTION TO INTERVENE

Cir. 2006) (cleaned up). A nonparty has a significant protectable interest where its "legal interest bears a direct relationship to the claims at issue." *Portland Gen. Elec. Co. v. State by & through Oregon Dep't of State Lands*, No. 3:22-cv-533-SI, 2022 WL 2527758, at * 2 (D. Or. July 7, 2022). Where a party seeks an injunction that infringes on a nonparty's rights, the nonparty is entitled to intervene as a matter of right. *See WildEarth Guardians v. Salazar*, No. CV-09-574-PHX-FJM, 2009 WL 1798611, at *1 (D. Az. June 24, 2009) (nonparty County that owns and regulates land comprising habitat of allegedly endangered animal had a significant protectable interest in suit seeking declaratory and injunctive relief of listing animal as endangered).

In Plaintiff's pending motion, it seeks a preliminary injunction against Google directing it "to remove or disable Defendant's entire YouTube channel . . . through all mirror sites . . . and from all IP addresses" and imposing an ongoing monitoring requirement on Google to "not provide any future YouTube services to Defendant, its affiliates, or its successors relating to Defendant's 'Floatwheel' business." (ECF No. 76-4 at 5). Alternatively, Plaintiff seeks a worldwide block of 48 specific videos. (*Id.* at 5-6.) As the PI Motion is directed at Google and only at Google, Google has an even more significant interest in intervening to oppose Plaintiff's requested relief than the intervenor in *Salazar*. *See Salazar*, 2009 WL 1798611, at *2 (granting intervention to County which would be indirectly affected by requested injunction).

**3. Adjudicating Plaintiff's motion without Google's presence would impair Google's interests**. "[I]f an absentee would be substantially affected in a practical sense by the determination made in an action, [it] should, as a general rule, be entitled to intervene." *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810 (9th Cir. 2001) (quoting Fed. R. Civ. P. 24 advisory committee's notes). Plaintiff seeks an extraordinary injunction against Google. *Clinton v. Goldsmith*, 526 U.S. 529, 534 (1999) ("While the All Writs Act authorizes employment of

extraordinary writs, it confines the authority to the issuance of process 'in aid of' the issuing court's jurisdiction."). The consequences of an order granting such relief are substantial, as Plaintiff seeks worldwide relief and, with its first alternate, appears to seek an indefinite monitoring obligation on Google's part, and directly related to the pending motion. Thus, disposition of the PI Motion without Google's presence in the case would directly impair Google's interests.

**4. No current party in the case can adequately represent Google's interests**. In assessing whether the existing parties will adequately represent the interests of proposed intervenors, courts in the Ninth Circuit consider "(1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect." *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003). Plaintiff's and Google's interests are directly adverse to one another in the pending motion, and Defendant has not appeared in this case for any purpose. No party can explain the flaws in Plaintiff's legal positions.

Thus, Google has satisfied all four requirements and should be allowed to intervene under Rule 24(a)(2) to respond to Plaintiff's PI Motion.

## IV.  ALTERNATIVELY, THE COURT SHOULD PERMIT GOOGLE TO INTERVENE UNDER RULE 24(b)

In the alternative, the Court may and should permit Google to intervene under Rule 24(b)(1)(B), which allows the Court to "permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact."

"An applicant seeking to intervene under [Rule 24(b)] [normally] must demonstrate that the court has an independent basis for jurisdiction, the motion is timely, [and that] there are common questions of law or fact." *Otoski v. Avidyne Corp.*, No. 3:09-cv-3041-PK, 2012 WL 13195530, at * 5 (D. Or. Mar. 9, 2012). But when, as here, a nonparty does not seek to litigate a claim on the merits and instead seeks intervention for a limited purpose, "an independent jurisdictional basis is not needed" and "there need not be as strong a connection between the facts or law." *Id.* at *5. A nonparty may intervene for the limited purpose of opposing a motion. *LG Elecs Inc. v. Q.-Lity Comput.*, 211 F.R.D. 360, 366 (N.D. Cal. 2002) (allowing nonparty to intervene for the limited purpose of opposing a motion).

Here, Plaintiff has moved to enjoin Google to disable an entire YouTube channel on a worldwide basis and impose an ongoing monitoring requirement for Defendant and its unidentified "affiliates" or "successors" or alternatively to remove on a worldwide basis 48 videos from its website. Google contests that Plaintiff is entitled to any of the relief that it seeks. The PI Motion at issue thus directly affects Google, and Google seeks to respond to that Motion. Under Rule 24(b)(3), the Court must consider "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights," but as demonstrated by Google's unopposed motion to establish a briefing scheduled filed today under separate cover, it will not. As discussed above, Google's motion is timely and will not unduly prejudice any party.

## CONCLUSION

The Court should grant Google leave to intervene for the purpose of opposing Plaintiff's PI Motion against Google.

DATED: March 21, 2025

**PERKINS COIE LLP**

By: */s/ Julia E. Markley*
Julia E. Markley, OSB No. 000791
JMarkley@perkinscoie.com
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Telephone: +1.503.727.2000

Ryan Spear, *pro hac vice*
RSpear@perkinscoie.com
1201 Third Avenue, Suite 4900
Seattle, WA 98101
Telephone: +1.206.359.8000
Facsimile: +1.206.359.9000

*Attorneys for Nonparty Google LLC*

6- NONPARTY GOOGLE LLC'S UNOPPOSED MOTION TO INTERVENE