Julia E. Markley, Bar No. 000791
JMarkley@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Telephone: +1.503.727.2000
Facsimile:  +1.503.727.2222

Ryan Spear, *pro hac vice*
RSpear@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101
Telephone: +1.206.359.8000
Facsimile:  +1.206.359.9000

*Attorneys for Nonparty Google LLC*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| FUTURE MOTION, INC.,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>TONY LAI, an individual doing business as FLOATWHEEL,<br><br>　　　　　　Defendant. | Case No. 3:23-cv-01742-AR<br><br>**NONPARTY GOOGLE LLC'S UNOPPOSED MOTIONS TO INTERVENE AND SET BRIEFING SCHEDULE**<br><br>Pursuant to Fed. Rs. Civ. P. 16, 24 and<br><br>LR 16-3 |

## MOTIONS

Google LLC d/b/a YouTube ("Google") moves pursuant to Rule 24 of the Federal Rules of Civil Procedure to intervene in this action. Google seeks to intervene for the limited purpose of opposing Plaintiff Future Motion Inc.'s Motion for Default Judgment and Permanent Injunction (ECF No. 83) ("DJ Motion"). Specifically, Google seeks only to oppose Plaintiff's request that the Court issue a permanent injunction against it (DJ Motion at 2). Relatedly, Google moves pursuant to Rule 16 of the Federal Rules of Civil Procedure and Local Rule 16-3, to respectfully request that the Court set a deadline of April 15, 2025, for Google to file its response to the DJ Motion. In compliance with Local Rule 7-1, Google conferred via email with Plaintiff, and Plaintiff does not oppose this motion.

## MEMORANDUM IN SUPPORT

### I.   INTERVENTION

#### A.   Introduction

Courts permit nonparties to intervene as of right where the nonparty timely moves to intervene; has a significantly protectable interest related to the subject of the action; may have that interest impaired by the disposition of the action; and will not be adequately represented by existing parties. Caselaw shows that four requirements are met when a nonparty faces the possibility of an injunction directing it to take action. That is the case here, and Google should be permitted under Rule 24 to respond to the DJ Motion.

#### B.   Background

Google discussed the background of this case in its prior Unopposed Motion to Intervene and thus does not reiterate the background herein. (*See* ECF No. 50, at 2–4.) Relevant here, in its

DJ Motion, Plaintiff seeks similar relief against Google as it previously requested. (*Compare* ECF No. 8 at 2; ECF No. 26 at 3–4; ECF No. 33 at 2–7; ECF No. 76 at 3–6 *with* ECF No. 83 at 2–3.) The Court granted Google's unopposed motions to intervene for the limited purpose of responding to two of Plaintiff's prior motions seeking relief against it (ECF Nos. 55, 82). Because Google continues to be a nonparty to this case, it now files this motion to intervene for the limited purpose of opposing Plaintiff's request for permanent injunctive relief against it. (ECF No. 83.)

### C. Google Is Entitled To Intervene As Of Right

Rule 24(a)(2) allows a party to intervene as of right when it claims an interest in the subject matter of the case and disposition of the case may impair or impede its ability to protect that interest, unless existing parties adequately represent it. The Ninth Circuit has held that a nonparty may intervene as of right when it "(i) timely moves to intervene; (ii) has a significantly protectable interest related to the subject of the action; (iii) may have that interest impaired by the disposition of the action; and (iv) will not be adequately represented by existing parties." *W. Watersheds Project v. Haaland*, 22 F.4th 828, 835 (9th Cir. 2022). All four requirements are met here. Google is entitled to intervene pursuant to Rule 24(a)(2).

1. *Google's motion is timely.* The Ninth Circuit considers three factors "in determining whether a motion to intervene is timely: (1) the stage of the proceedings; (2) whether the parties would be prejudiced; and (3) the reason for any delay in moving to intervene." *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 836–37 (9th Cir. 1996) (citation omitted). Google filed this motion merely nine days after Plaintiff filed its DJ Motion. Thus, this motion is timely.

2. *Google has a significant protectable interest.* The Ninth Circuit has held that a nonparty "has a significant protectable interest in an action if (1) it asserts an interest that is

protected under some law, and (2) there is a relationship between its legally protected interest and the plaintiff's claims." *California ex rel. Lockyer v. United States*, 450 F.3d 436, 441 (9th Cir. 2006) (cleaned up). A nonparty has a significant protectable interest where its "legal interest bears a direct relationship to the claims at issue." *Portland Gen. Elec. Co. v. State by & through Oregon Dep't of State Lands*, No. 3:22-cv-533-SI, 2022 WL 2527758, at * 2 (D. Or. July 7, 2022). Plaintiff seeks a permanent injunction against Google directing it "to disable Defendant's video channel at www.youtube.com/floatwheel and any successor videos or video channels that teach consumers how to purchase, assemble, configure, or use Defendant's infringing Floatwheel products." (DJ Mot. at 16.) As Plaintiff's motion requests injunctive relief that directly impacts Google, Google has a significant interest in intervening to oppose the motion. *See Robert Ito Farm, Inc. v. Cnty. of Maui*, No. 14-00511 BMK, 2014 WL 714 (D. Haw. Dec. 15, 2014) (granting nonparties' motion to intervene to oppose plaintiff's motion for an injunction to invalidate a county ordinance where the nonparties were actively involved in the drafting and legislative process relating to the ordinance). Here, Google has even more of an interest than the nonparties in *Roberto ITO Farm* because the injunction would directly impact Google itself—whereas in *Roberto ITO Farm*, the injunction would merely impact the fruits of the nonparties' efforts. Thus, the second element is satisfied.

3. *Adjudicating Plaintiff's motion without Google's presence would impair Google's interests.* "[I]f an absentee would be substantially affected in a practical sense by the determination made in an action, [it] should, as a general rule, be entitled to intervene." *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810 (9th Cir. 2001) (quoting Fed. R. Civ. P. 24 advisory committee's notes). Plaintiff seeks **permanent** injunctive relief against Google. The consequences of an order

granting such relief are substantial, as Plaintiff seeks worldwide relief and an indefinite monitoring obligation on Google's part in the pending motion. Thus, disposition of the DJ Motion without Google's presence in the case would directly impair Google's interests.

4.  *No current party in the case can adequately represent Google's interests.* In assessing whether the existing parties will adequately represent the interests of proposed intervenors, courts in the Ninth Circuit consider "(1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect." *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003). Plaintiff's and Google's interests are directly adverse to one another in the pending motion, and Defendant has not appeared in this case for any purpose. No party can explain the flaws in Plaintiff's legal positions.

Thus, Google has satisfied all four requirements and should be allowed to intervene under Rule 24(a)(2) to respond to Plaintiff's PI Motion.[1]

## II. BRIEFING SCHEDULE

Relatedly, Google requests that the Court set a deadline of April 15, 2025, for Google to file its Response to the DJ Motion. Although the Court ordered that any Response to Plaintiff's DJ Motion be filed by April 14, 2025 (ECF No. 82), the date by which Google should file a response

---

[1] Alternatively, the Court should permit Google to intervene under Rule 24(b) of the Federal Rules of Civil Procedure for the same reasons proffered in prior briefing and incorporated herein. (ECF No. 79 at 4–5); *see Thomas v. Harder*, No. 3:22-cv-944-JR, 2023 WL 1815197, at *1 (D. Or. Feb. 8, 2023) (Simon, J.) (permitting earlier briefs to be incorporated by reference into later briefs).

to the DJ Motion is not clear under the rules given its status as a nonparty. However, the parties and the Court will achieve efficiency and economy if Google files a truncated response to Plaintiff's DJ Motion by referencing Google's response to Plaintiff's motion for a preliminary injunction as the two present overlapping legal issues as to Google. As Google's response to Plaintiff's motion for preliminary injunction is due on April 15 (ECF No. 82), Google requests that the Court set its deadline for responding to the DJ Motion to also be April 15.

## CONCLUSION

The Court should grant Google leave to intervene for the purpose of opposing Plaintiff's DJ Motion against Google and grant Google's motion to establish an April 15, 2025, deadline to file its brief.

DATED: April 08, 2025

**PERKINS COIE LLP**

By: */s/ Julia E. Markley*
Julia E. Markley, OSB No. 000791
JMarkley@perkinscoie.com
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Telephone: +1.503.727.2000

Ryan Spear, *pro hac vice*
RSpear@perkinscoie.com
1201 Third Avenue, Suite 4900
Seattle, WA 98101
Telephone: +1.206.359.8000
Facsimile: +1.206.359.9000

*Attorneys for Nonparty Google LLC*

5- NONPARTY GOOGLE LLC'S UNOPPOSED MOTIONS TO INTERVENE AND SET BRIEFING SCHEDULE