# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **FUTURE MOTION, INC.**, | Case No. 3:23-cv-1742-AR |
| Plaintiff, | **ORDER** |
| v. | |
| **TONY LAI**, an individual doing business as **FLOATWHEEL**, | |
| Defendant. | |

**Michael H. Simon, District Judge.**

Plaintiff Future Motion, Inc. moves for a preliminary injunction pursuant to the All Writs Act, 28 U.S.C. § 1651, against nonparty Google LLC ("Google"), who has intervened in this lawsuit for the limited purpose of opposing the preliminary injunction and Plaintiff's motion for default judgment.[1] For the following reasons, the Court denies Plaintiff's motion.

---

[1] The Court does not believe that oral argument will be helpful in resolving the pending motion. *See* LR 7-1(d)(1).

## STANDARDS[2]

"Under the All Writs Act, a court may issue an injunction only where it is necessary or appropriate in aid of the court's jurisdiction and the legal rights at issue are indisputably clear." *Makekau v. State*, 943 F.3d 1200, 1204 (9th Cir. 2019) (cleaned up). The All Writs Act is an "extraordinary" remedy that does not enlarge a court's jurisdiction. *Clinton v. Goldsmith*, 526 U.S. 529, 534-35 (1999); *see also Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1099 (11th Cir. 2004) ("The Act does not create any substantive federal jurisdiction. Instead, it is a codification of the federal courts' traditional, inherent power to protect the jurisdiction they already have, derived from some other source." (citation omitted)).

## BACKGROUND

Plaintiff develops, manufactures, markets, and sells a line of self-balancing electric skateboards and related items. In November 2023, Plaintiff brought this lawsuit against Defendant Tony Lai, doing business as Floatwheel. Plaintiff alleges that Defendant is infringing four of Plaintiff's patents on its skateboard technology by manufacturing, importing, and selling Floatwheel-branded, self-balancing electric skateboards to customers in the United States. *See* ECF 1.

On December 15, 2023, the Court issued an *ex parte* temporary restraining order ("TRO"). ECF 9. On December 29, 2023, after a hearing with notice at which Defendant failed

---

[2] In their briefing, both parties used the standard for mandamus under the All Writs Act instead of the standard for a preliminary injunction. The mandamus standard requires three conditions: (1) "the party seeking issuance of the writ must have no other adequate means to attain the relief he desires"; (2) "the petitioner must satisfy the burden of showing that his right to issuance of the writ is clear and indisputable"; and (3) "even if the first two prerequisites have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380-81 (2004) (cleaned up). These requirements are sufficiently similar to the preliminary injunction requirements such that the Court does not need or require supplemental briefing.

to appear, the Court issued a preliminary injunction. ECF 14. Both Orders directed Defendant to

cease its infringing activities. In addition to enjoining Defendant's infringing conduct, the

December 29th preliminary injunction contained the following instructions to certain third

parties:

> **IT IS HEREBY FURTHER ORDERED** that, in accordance with
> the Court's inherent equitable power to issue provisional remedies
> ancillary to its authority to provide final equitable relief, any
> internet service provider including but not limited to any web
> hosting company, domain name registry, domain name registrar, e-
> commerce service provider, and/or video platform provider having
> notice of the Court's Order must (1) take any and all action
> necessary to remove the infringing content from websites having
> content controlled by Defendant, or alternatively to disable access
> to the website; and (2) provide notice of compliance to Future
> Motion's counsel within five (5) business days of receipt of notice
> of this Order. This includes but is not limited to the following
> specific examples:
>
> . . .
>
> 4. Any Registrar of record of an internet domain hosting a
>    website that advertises or sells the Floatwheel Adv and/or
>    the Floatwheel Adv Pro products, or any colorable
>    imitation thereof, including but not limited to
>    GoDaddy.com, LLC, must promptly upon receipt of a copy
>    of this Order disable public access to the domain until
>    further notice;
>
> . . .
>
> 6. Any video platform provider, including but not limited to
>    Google LLC doing business as YouTube, must promptly
>    upon receipt of a copy of this Order either disable public
>    access to (i) the entire Floatwheel YouTube channel at
>    https://www.youtube.com/floatwheel or (ii) to all
>    individual videos teaching viewers how to make and/or use
>    a product that infringes Future Motion's patents, including
>    but not limited to . . . 48 videos [listed below with titles and
>    URLs] currently hosted at the YouTube channel
>    https://www.youtube.com/floatwheel[;]
>
> . . .

8. Pursuant to this Court's inherent powers, any person or entity failing to comply promptly with this Order, including but not limited to any domain name Registrar, e-commerce service provider, video platform service provider (including Google LLC doing business as YouTube), freight forwarding service provider, or logistics company (including but not limited to those enumerated above) shall be subject to sanctions for civil and/or criminal contempt.

ECF 14 at 7-8, 13-14.

In April 2024, United States Magistrate Judge Jeff Armistead issued an Order entering default against Defendant. ECF 20. In June 2024, the Court granted Plaintiff a second preliminary injunction. ECF 27. In that order, the Court noted that "despite the Court's previous orders requiring removal of Defendant's content that induces patent infringement from YouTube, Defendant has added additional videos and information to its YouTube channel at www.youtube.com/floatwheel, further facilitating Defendant's infringement of Future Motion's patents." *Id.* at 4. The Court concluded, "the only way to stop Defendant from using its YouTube channel to facilitate infringement is to order the entire channel to be *removed or disabled*." *Id.* (emphasis added). Accordingly, the Court ordered that:

Google LLC, doing business as YouTube, shall promptly upon receipt of a copy of this Order remove or disable Defendant's entire "Floatwheel" YouTube channel at www.youtube.com/floatwheel, along with any other YouTube channel Defendant operates now or in the future that publishes videos and/or information about the Floatwheel Adv and/or Floatwheel Adv Pro products;

*Id.* at 6. This Order further provided that the first injunction would remain in full force and effect. *Id.* at 7.

In response to these Orders, Google "blocked 48 videos from view by identifiable U.S.-based users." ECF 52 (Declaration of Raquel Small) ¶ 7. The 48 videos identified in the TRO and the first preliminary injunction Order, however, still were available to users that Google's

systems identified as outside the United States, including users who implement VPN technology to "mask" their true location. When the second injunction required Google to "remove or disable Defendant's entire 'Floatwheel' YouTube channel," Google blocked Defendant's channel's landing page from U.S.-based users. *Id.* ¶ 9. Again, however, Google did not take down the channel for all users.

Plaintiff then moved for imposition of sanctions and contempt against Google (ECF 33), citing Google's failure to disable the channel for all users worldwide. The Court ordered supplemental briefing on whether Plaintiff has shown that Google meets the requirements of Rule 65(d)(2)(C) of the Federal Rules of Civil Procedure and whether the Court has authority to bind a nonparty to a preliminary injunction if that nonparty does not fall within the requirements of Rule 65(d)(2)(C). ECF 35. Google then moved to intervene (ECF 50) for the limited purpose of opposing Plaintiff's motion for sanctions, which the Court granted. ECF 55. The Court denied Plaintiff's motion for sanctions, finding that Google did not aid and abet Defendant, as that phrase is used under Rule 65(d)(2)(C). ECF 64.

Now before the Court is Plaintiff's Motion for Preliminary Injunction Against Nonparty Google LLC, d/b/a YouTube. ECF 76. Plaintiff seeks an injunction under the All Writs Act, ordering Google to remove or disable Plaintiff's entire YouTube channel, "including disabling access to the channel through all mirror sites Google controls." *Id.* In the alternative, Plaintiff seeks an injunction directing Google to remove the 48 specific infringing videos the Court previously ordered Defendant to remove from YouTube. *Id.*

**DISCUSSION**

Plaintiff seeks a preliminary injunction against Google under the Court's authority granted by the All Writs Act. Google responds that Plaintiff is not entitled to a preliminary injunction because Plaintiff has other adequate means to attain the relief it desires, Plaintiff's

right to a preliminary injunction is not indisputably clear, and a preliminary injunction is not appropriate under the circumstances.[3]

As a threshold matter, the Court cannot grant a preliminary injunction under the All Writs Act if the relief is beyond the Court's jurisdiction because that Act does not enlarge the Court's jurisdiction. *See Clinton*, 526 U.S. at 535-36. A court may issue an injunction against a nonparty only where the nonparty is "in active concert or participation" with an enjoined party. Fed. R. Civ. P. 65(d)(2)(C). As the Court held in its Order denying Plaintiff's motion for sanctions against Google, Google is not in active concert or participation with Defendant. *See* ECF 64 at 7-10. Thus, the Court lacks jurisdiction to issue a preliminary injunction against Google, and the requested injunction under the All Writs Act is not "in aid" of the Court's jurisdiction." *See* 28 U.S.C. § 1651(a); *Clinton*, 526 U.S. at 534-35.

Even if the Court had jurisdiction to issue a preliminary injunction against Google, an injunction under the All Writs Act would not be warranted. Plaintiff argues that a preliminary injunction is necessary and appropriate under the circumstances because Defendant has consistently ignored the Court's Orders. Accordingly, Plaintiff contends that further litigation or orders directed at Defendant would not affect the availability of Defendant's infringing videos, but an order directed at Google would remove the infringing videos. Google responds that Plaintiff already has attained comprehensive injunctive relief against Defendant, including through Google blocking U.S.-based users from viewing Defendant's videos. Google adds that

---

[3] Google also contends that Plaintiff's motion is in substance a motion for reconsideration of the Court's Order denying Plaintiff's motion for imposition of sanctions against Google, ECF 64. Plaintiff responds that the current motion is its first motion for preliminary injunctive relief filed directly against Google. Further, Plaintiff notes that the Court's Order denying sanctions was decided under Rule 65(d)(2)(C) of the Federal Rules of Civil Procedure, and Plaintiff now moves for relief pursuant to the All Writs Act. The Court agrees that these issues are sufficiently different such that Plaintiff's motion is not one for reconsideration.

Plaintiff could obtain Chinese intellectual property rights and enforce them in China against
Defendant and that Plaintiff can obtain relief against other parties that are engaging in patent
infringement or aiding and abetting Defendant. Because Google has blocked the infringing
videos for all U.S.-based users, the Court agrees that Plaintiff has obtained sufficient relief and
thus a preliminary injunction against Google is neither necessary nor appropriate.

Plaintiff also contends that it has an "indisputably clear" right to a broadly reaching
preliminary injunction because the injunction corresponds to Plaintiff's already-adjudicated right
to have Defendant's infringing videos preliminarily removed from the public domain. Plaintiff
cites the TRO and the two preliminary injunctions that the Court already has issued, arguing that
none of these Orders contain language limiting the injunction to conduct within the United
States. Google responds that Plaintiff has no indisputably clear right to the worldwide injunctive
relief that it seeks. Google notes that the Supreme Court has held that "[t]he traditional
understanding that our patent law operates only domestically and does not extend to foreign
activities is embedded in the Patent Act itself." *Microsoft Corp. v. AT&T Corp.*, 550 U.S. 437,
455 (2007) (cleaned up). Google also argues that Plaintiff has no indisputably clear right
permanently to suspend Defendant's channel and prevent Defendant from posting any videos in
the future, even ones that do not infringe on Plaintiff's patent.

Plaintiff cites copyright and trademark cases where district courts, including district
courts in the Ninth Circuit, have granted injunctions ordering an internet service provider
completely to disable a website. *See, e.g.*, *Entrepreneur Media, Inc. v. Alfonso*, 2021 WL
2941983, at *6 (C.D. Cal. July 12, 2021); *Microsoft Corp. v. Tu*, 2024 WL 4516416, at *3-4
(S.D.N.Y. Aug. 29, 2024); *United King Film Distrib. Ltd. v. Doe*, 2022 WL 2473430, at *4
(S.D.N.Y. July 6, 2022); *DISH Network LLC v. Khalid*, 2021 WL 765709, at *8-9 (S.D. Tex.

Feb. 23, 2021). Although these cases did not involve the Patent Act, the copyright and trademark laws have also been held to operate only domestically. *See Abitron Austria GmbH v. Hetronic Int'l Inc.*, 600 U.S. 412, 415 (2023) (holding that provisions of the Lanham Act prohibiting trademark infringement "are not extraterritorial and that they extend only to claims where the claimed infringing use in commerce is domestic"); *Subafilms, Ltd. v. MGM-Pathe Commc'ns Co.*, 24 F.3d 1088, 1094 (9th Cir. 1994) ("Because the copyright laws do not apply extraterritorially, each of the rights . . . must be read as extending no farther than the United States' borders." (cleaned up)).

In the absence of controlling or even persuasive appellate authority, the Court does not find that Plaintiff has shown that it has an indisputably clear right to *worldwide* injunctive relief pursuant to a statute that applies only domestically. Plaintiff also has not shown that the Court has jurisdiction to issue such an injunction against Google, nor that the requested injunction is necessary and appropriate. Thus, a preliminary injunction pursuant to the All Writs Act is not warranted.

## CONCLUSION

The Court DENIES Plaintiff's Motion for Preliminary Injunction Against Nonparty Google, ECF76.

**IT IS SO ORDERED**.

DATED this 19th day of May, 2025.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge