IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **FUTURE MOTION, INC.**, | Case No. 3:23-cv-1742-AR |
| Plaintiff, | **ORDER** |
| v. | |
| **TONY LAI**, an individual doing business as **FLOATWHEEL**, | |
| Defendant. | |

**Michael H. Simon, District Judge.**

Plaintiff Future Motion, Inc. moves for default judgment against Defendant Tony Lai,

doing business as Floatwheel. Plaintiff seeks a permanent injunction to prevent Defendant from

offering, selling, or importing its infringing products into the United States and from publicly

posting information that induces infringement of Plaintiff's patents. Plaintiff also seeks

injunctive relief directed at third parties, including Google, LLC ("Google"), who has intervened

for the limited purpose of opposing this motion and Plaintiff's motion for preliminary injunction

against Google. For the following reasons, the Court grants in part Plaintiff's motion.

## STANDARDS

### A.  Default Judgment

Under Rule 55(a) of the Federal Rules of Civil Procedure, the Clerk of the Court is

required to enter an order of default if a party against whom affirmative relief is sought fails

timely to answer or otherwise defend an action. Fed. R. Civ. P. 55(a) ("When a party against

whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that

failure is shown by affidavit or otherwise, the clerk must enter the party's default."). Upon the

entry of default, the Court accepts "the well-pleaded factual allegations" of the complaint "as

true." *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) (quoting *Cripps v. Life

Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992)); *see also Geddes v. United Fin.

Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). The Court, however, does not accept as admitted facts

that are not well-pleaded, conclusions of law, or facts relating to the amount of damages.

*DIRECTV*, 503 F.3d at 854; *Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 702 (9th

Cir. 2008).

After default has been entered against a defendant, a court may enter a default judgment

against that defendant. *See* Fed. R. Civ. P. 55(b). "The district court's decision whether to enter a

default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980);

*see also Dreith v. Nu Image, Inc.*, 648 F.3d 779, 786 (9th Cir. 2011) (noting that a district's court

decision whether to enter a default judgment is reviewed for abuse of discretion). In *Eitel v.

McCool*, 782 F.2d 1470 (9th Cir. 1986), the Ninth Circuit set out factors to guide a district

court's consideration of whether to enter a default judgment. *See DIRECTV*, 503 F.3d at 852

(noting that *Eitel* "set[] out factors to guide district court's determination regarding the

appropriateness of granting a default judgment").

The Ninth Circuit in *Eitel* held:

> Factors which may be considered by courts in exercising discretion
> as to the entry of a default judgment include: (1) the possibility of
> prejudice to the plaintiff, (2) the merits of plaintiff's substantive
> claim, (3) the sufficiency of the complaint, (4) the sum of money at
> stake in the action; (5) the possibility of a dispute concerning
> material facts; (6) whether the default was due to excusable
> neglect, and (7) the strong policy underlying the Federal Rules of
> Civil Procedure favoring decisions on the merits.

*Eitel*, 782 F.2d at 1471-72. The "starting point" of the court's analysis, however, "is the general rule that default judgments are ordinarily disfavored." *Id.* at 1472.

## B. Permanent Injunction

To obtain permanent injunctive relief,

> [a] plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 156-57 (2010) (quoting *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006)).

## BACKGROUND

Plaintiff develops, manufactures, markets, and sells a line of self-balancing electric skateboards and related items. In November 2023, Plaintiff brought this lawsuit against Defendant. Plaintiff alleges that Defendant is infringing four of Plaintiff's patents on its skateboard technology by manufacturing, importing, and selling Floatwheel-branded, self-balancing electric skateboards to customers in the United States. *See* ECF 1.

On December 15, 2023, the Court issued an *ex parte* temporary restraining order ("TRO"). ECF 9. On December 29, 2023, after a hearing with notice at which Defendant failed to appear, the Court issued a preliminary injunction. ECF 14. Both Orders directed Defendant to cease its infringing activities. In addition to enjoining Defendant's infringing conduct, the December 29th preliminary injunction directed certain third parties to "take any and all action necessary to remove the infringing content from websites having content controlled by Defendant, or alternatively to disable access to the website." ECF 14 at 7-8.

In April 2024, United States Magistrate Judge Jeff Armistead issued an Order entering default against Defendant. ECF 20. In June 2024, the Court granted Plaintiff a second

preliminary injunction. ECF 27. In that order, the Court noted that "despite the Court's previous

orders requiring removal of Defendant's content that induces patent infringement from YouTube,

Defendant has added additional videos and information to its YouTube channel at

www.youtube.com/floatwheel, further facilitating Defendant's infringement of Future Motion's

patents." *Id.* at 4. The Court concluded, "the only way to stop Defendant from using its YouTube

channel to facilitate infringement is to order the entire channel to be *removed or disabled*." *Id.*

at 4-5 (emphasis added). Accordingly, the Court ordered that Google "remove or disable

Defendant's entire 'Floatwheel' YouTube channel." *Id.* at 6. This Order further provided that the

first injunction would remain in full force and effect. *Id.* at 7.

In response to these Orders, Google "blocked 48 videos from view by identifiable U.S.-

based users." ECF 52 (Declaration of Raquel Small) ¶ 7. The 48 videos identified in the TRO

and the first preliminary injunction Order, however, still were available to users that Google's

systems identified as outside the United States, including users who implement VPN technology

to "mask" their true location. When the second injunction required Google to "remove or disable

Defendant's entire 'Floatwheel' YouTube channel," Google blocked Defendant's channel's

landing page from U.S.-based users. *Id.* ¶ 9. Again, however, Google did not take down the

channel for all users.

Plaintiff then moved for imposition of sanctions and contempt against Google (ECF 33),

citing Google's failure to disable the channel for all users worldwide. The Court ordered

supplemental briefing on whether Google meets the requirements of Rule 65(d)(2)(C) of the

Federal Rules of Civil Procedure and whether the Court has authority to bind a nonparty to a

preliminary injunction if that nonparty does not fall within the requirements of Rule 65(d)(2)(C).

ECF 35. Google then moved to intervene (ECF 50) for the limited purpose of opposing

Plaintiff's motion for sanctions, which the Court granted. ECF 55. The Court denied Plaintiff's

motion for sanctions, finding that Google did not aid and abet Defendant, as that phrase is used under Rule 65(d)(2)(C). ECF 64.

Plaintiff later moved for a preliminary injunction against Google pursuant to the Court's authority under the All Writs Act. ECF 76. The Court denied this motion, finding that the factors for injunctive relief under the All Writs Act were not met. ECF 91.

Now before the Court is Plaintiff's Motion for Default Judgment. ECF 83. Plaintiff seeks a permanent injunction against Defendant and against third-party internet service providers, email service providers, payment processing services, and shipping service providers. Google moved to intervene for the limited purpose of opposing this motion and Plaintiff's related motion for a preliminary injunction against Google, *see* ECF 79, and the Court granted Google's motion to intervene. ECF 86.

## DISCUSSION

### A.  *Eitel* Factors

#### 1.  Prejudice

The first factor, the prejudice to Plaintiff if default judgment is not entered, weighs in favor of entry of default judgment. Plaintiff contends that it has suffered and will continue to suffer harm from Defendant's infringing activities. Defendant has failed to appear. "Absent entry of a default judgment, [Plaintiff] will most likely be without recourse against [Defendant], given [Defendant's] unwillingness to cooperate and defend. Because [Plaintiff] will suffer prejudice if [it] is without recourse against [Defendant], this factor favors entry of default judgment." *See Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1007 (C.D. Cal. 2014), *abrogated on other grounds by Lopez v. Catalina Channel Express, Inc.*, 974 F.3d 1030, 1038 (9th Cir. 2020).

### 2. Pleading Claims for Relief

The second factor, the merits of Plaintiff's substantive claims, and the third factor, the sufficiency of its complaint, are addressed together. Plaintiff brings claims for patent infringement, asserting that Defendant is directly infringing Plaintiff's patents and is inducing infringement of the same patents. The Court considers whether the allegations in Plaintiff's complaint state a claim that supports the relief sought.

### a. Direct Infringement

Any party who "makes, uses, offers to sell, or sells any patented invention within the United States or imports into the United States any patented invention during the term of the patent therefor" without permission commits direct patent infringement. 35 U.S.C § 271. Plaintiff alleges and offers evidence that it owns the patents at issue and that Defendant has been making, offering to sell, and selling products that directly infringe on the patented inventions without permission. *See* Compl. ¶¶ 18-20; ECF 1-1, 1-2, 1-3, and 1-4 (the four patents that Plaintiff owns); ECF 1-5 (a default judgment and permanent injunction that Plaintiff obtained against Defendant in the U.S. District Court for the Northern District of California); ECF 1-6 (proof of sales and shipment from Defendant and customer service emails with Defendant). Therefore, Plaintiff sufficiently has alleged direct infringement by Defendant.

### b. Induced Infringement

The patent laws provide that "[w]hoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). "[A]ctive" inducement has three elements: knowledge of the patent; knowledge that the induced acts will infringe; and "intent to 'bring about the desired result,' which is infringement." *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 641-42 (2015) (quoting *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 760 (2011); *see also Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009)

("Inducement requires a showing that the alleged inducer knew of the patent, knowingly induced the infringing acts, and possessed a specific intent to encourage another's infringement of the patent."). Each requirement is separate and distinct. *See In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012) ("To survive [defendants'] motion to dismiss, therefore, [plaintiff's] amended complaints must contain facts plausibly showing that [defendants] specifically intended their customers to infringe the [asserted] patent and knew that the customer's acts constituted infringement."); *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) ("[T]he intent requirement for inducement requires more than just intent to cause the acts that produce direct infringement. Beyond that threshold knowledge, the inducer must have an affirmative intent to cause direct infringement.").

Specific intent to encourage infringement "can be shown by circumstantial evidence, but the mere knowledge of possible infringement will not suffice." *Vita-Mix Corp*, 581 F.3d at 1328. Thus, that a product may be used in an infringing manner is not sufficient to establish intent. *See id.* at 1328-29. Nor is actual knowledge that some users of the product may be infringing the patent. *See id.* at 1329. Similarly, "ordinary acts incident to product distribution, such as offering customers technical support or product updates," will not support inducement liability by themselves. *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 937 (2005). On the other hand, instructions that "teach an infringing use" of the product may be enough to infer "an affirmative intent to infringe the patent." *Vita-Mix Corp.*, 581 F.3d at 1329 n.2; *see also Metro-Goldwyn-Mayer Studios*, 545 U.S. at 936 ("Evidence of active steps taken to encourage direct infringement, such as advertising an infringing use or instructing how to engage in an infringing use, show an affirmative intent that the product be used to infringe . . . ." (cleaned up)); *Toshiba Corp. v. Imation Corp.*, 681 F.3d 1358, 1365 (Fed. Cir. 2012) (noting that the defendants "go beyond describing the infringing mode" and instead "recommend[ ] that

customers use the infringing mode" and thus the evidence "goes beyond" merely showing that the product is capable of infringing use). What the patentee must allege is "culpable conduct, directed to encouraging another's infringement." *DSU Med. Corp.*, 471 F.3d at 1306.

Plaintiff alleges and provides evidence that Defendant is producing videos that teach viewers how to create Plaintiff's patented invention. *See* Compl. ¶¶ 21-24; ECF 1-8, 1-9 (YouTube videos teaching consumers to make products). These videos go beyond technical support or product updates and encourage others to make and use the infringing product. Thus, Plaintiff sufficiently has alleged its claim for induced patent infringement against Defendant.

### 3. Sum of Money at Stake

The fourth factor, the sum of money at stake, counsels in favor of granting default judgment because Plaintiff seeks only injunctive relief and no monetary damages. *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

### 4. Disputed Facts

The fifth factor, whether there is a possibility of disputed material facts, weighs in favor of default judgment. "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting *Geddes*, 559 F.2d at 560).

### 5. Excusable Neglect

The sixth factor also weighs in favor of default judgment: Plaintiff properly served Defendant with the summons, Complaint, and the Court's relevant Orders, and Defendant failed to appear. There is no sign that Defendant's default resulted from excusable neglect.

### 6. Judgment on the Merits

Finally, although the Ninth Circuit counsels that "[c]ases should be decided on their merits whenever reasonably possible," *Eitel*, 782 F.2d at 1472, "this preference, standing alone,

is not dispositive," *PepsiCo*, 238 F. Supp. 2d at 1177 (quoting *Kloepping v. Fireman's Fund*, 1996 WL 75314, at *3 (N.D. Cal. Feb. 13, 1996)). When a party completely fails to respond, a decision on the merits is impracticable, and default judgment is warranted. *See Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1061 (N.D. Cal. 2010). Thus, the *Eitel* factors weigh in favor of default against Defendant on Plaintiff's claims of direct and induced patent infringement.

## B.  Injunctive Relief Against Defendant

### 1.  Irreparable Injury and Inadequate Remedy at Law

To meet its burden that it is entitled to a permanent injunction, Plaintiff must demonstrate irreparable injury in the absence of a permanent injunction. "Irreparable harm is presumed when a clear showing of patent validity and infringement has been made." *Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1350 (Fed. Cir. 2001). As discussed, Plaintiff sufficiently has pleaded the validity of its patents and infringement by Defendant. Therefore, this factor is met.

### 2.  Inadequate Remedy Available at Law

Plaintiff must also show that it lacks an adequate remedy available at law, such as monetary damages. "It is well-settled that, because the principal value of a patent is its statutory right to exclude, the nature of the patent grant weighs against holding that monetary damages will always suffice to make the patentee whole." *Hybritech Inc. v. Abbott Lab'ys*, 849 F.2d 1446, 1456-57 (Fed. Cir. 1988). "[W]here the infringing device will continue to infringe and thus damage plaintiff in the future, monetary damages are generally considered to be inadequate." *Shiley, Inc. v. Bentley Lab'ys, Inc.*, 601 F. Supp. 965, 970 (C.D. Cal. 1985). This is especially true for a default judgment, where a defendant's "failure to appear in this action or provide any assurances that it has been dispossessed of the means to continue infringing in the future further

demonstrates the inadequacy of monetary damages as a remedy for its alleged infringements." *Kohler Co. v. Sweethome*, 2024 WL 4406793, at *6 (C.D. Cal. May 29, 2024) (quotation marks omitted).

Defendant has repeatedly infringed on Plaintiff's patents. If Plaintiff received only monetary damages, it would not only lack full compensation, but also would need to file a new action every time Defendant continued its infringing behavior. Thus, Plaintiff has shown that it lacks an adequate remedy at law and this factor is met.

### 3. Balance of Hardships

Plaintiff must also demonstrate that the balance of hardships tips in its favor. "There is no hardship to a defendant when a permanent injunction would merely require the defendant to comply with law." *Deckers Outdoor Corp. v. Ozwear Connection Pty Ltd.*, 2014 WL 4679001, at *13 (C.D. Cal. Sept. 18, 2014); *see also Windsurfing Int'l, Inc. v. AMF, Inc.*, 782 F.2d 995, 1003 n.12 (Fed. Cir. 1986) ("One who elects to build a business on a product found to infringe cannot be heard to complain if an injunction against continuing infringement destroys the business so elected."). Plaintiff, on the other hand, risks continuing harm to its patent rights without an injunction. This factor is thus met.

### 4. Public Interest

Finally, Plaintiff must show that the public interest favors the injunction. Although "the public often benefits from healthy competition[,] . . . the public generally does not benefit when that competition comes at the expense of a patentee's investment-backed property right." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 809 F.3d 633, 647 (Fed. Cir. 2015). Accordingly, "the public interest nearly always weighs in favor of protecting property rights in the absence of countervailing factors, especially when the patentee practices his inventions." *Id.* The Court cannot identify any "countervailing factors" weighing against the entry of a permanent

injunction. The infringing products serve a recreational purpose and are not critical to health or safety concerns or otherwise to the public interest. *See Hybritech, Inc.*, 849 F.2d at 1458 ("[T]he focus of the district court's public interest analysis should be whether there exists some critical public interest that would be injured by the grant of preliminary relief."). Therefore, this factor and the permanent injunction factors overall are met, and the Court grants a permanent injunction against Defendant.

## C.  Injunctive Relief Against Third Parties

Plaintiff requests that the Court order internet service providers permanently to disable current or future websites offering Defendant's infringing product for sale and remove Defendant's videos and video channels. Plaintiff also seeks an injunction requiring any email service provider that "facilitates Defendant's customer communications regarding sales and/or operation of the infringing products" permanently to disable Defendant's email accounts. Plaintiff further requests that the Court order any payment processing service permanently to disable Defendant's ability to process and collect payments for infringing sales from U.S. customers and any shipping service provider to stop providing services to Defendant relating to shipments of the infringing products to U.S. customers.

Plaintiff argues that these injunctions are necessary to stop Plaintiff's continued injury by removing the tools that Defendant uses to engage in its infringing activity. Google responds that the Court has already rejected Plaintiff's requests to enjoin Google and other third parties and that none of the permanent injunction factors are satisfied with respect to Google. Google also argues that a permanent injunction against Google is beyond what is demanded in Plaintiff's complaint and thus should be rejected under Rule 54 of the Federal Rules of Civil Procedure.

Plaintiff replies that it does not seek an injunction against Google, but rather seeks ancillary orders to effectuate the permanent injunction against Defendant.[1]

As discussed in the Court's Orders denying Plaintiff's motion for sanctions against Google (ECF 64) and denying Plaintiff's motion for a preliminary injunction against Google (ECF 91), the Court lacks jurisdiction to order injunctive relief against Google and other third parties that have not been shown to be in active concert or participation with Defendant. Although Plaintiff contends that it merely requests "ancillary orders" against third parties, Plaintiff seeks to use the Court's power to compel these third parties to take action—in other words, an injunction. Thus, the Court denies injunctive relief against third parties.

## CONCLUSION

The Court GRANTS IN PART Plaintiff's Motion for Default Judgment, ECF 83. The Court will enter a permanent injunction against Defendant concurrently with this Order. The Court declines to grant injunctive relief against third parties.

**IT IS SO ORDERED**.

DATED this 24th day of June, 2025.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

---

[1] Although Plaintiff does not discuss the Patent Act, 35 U.S.C. § 283, in its motion for default judgment, Plaintiff contends in its reply in support of its motion for default judgment that the Court is authorized to issue an injunction against third parties under the Patent Act. Plaintiff cites the proposed order it submitted with its motion for default judgment, which includes a line stating, "pursuant to Fed. R. Civ. Proc. 65(d), the Patent Act (35 U.S.C. § 283), and/or the All Writs Act (28 U.S.C. § 1651)." ECF 83-5 at 5. This reference to the Patent Act in an attachment to Plaintiff's motion is not an argument properly raised in Plaintiff's original motion. The Court thus disregards this newly raised argument. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."); *Mitchell v. United States*, 971 F.3d 1081, 1084 n.4 (9th Cir. 2020) (affirming the district court's conclusion that an argument raised for the first time in a reply is waived).